STATE OF LOUISIANA *v.* WM. GATES.

The record of conviction should show that the jurors who tried the issue were sworn.

Where the jury was sworn, and that fact can be proved, the record of the lower Court may be so amended as to supply the omission; and thus completed, it may, under a writ of certiorari, be laid before the appellate Court.

APPEAL from the District Court of the parish of Madison, *Richardson* J. *Isaac E. Morse*, Attorney General, for the State. *Stacy, Short & Parham*, and *Roselius*, for defendant.

CAMPBELL, J. This appeal is prosecuted from a judgment sentencing the appellant to imprisonment at hard labor.

Among other matters of error, it is assigned as ground for the reversal of the judgment, that it does not appear of record that the jury on whose verdict the judgment was rendered were sworn.

It is doubtless true as contended by the Attorney General, that whatever is alleged in arrest of judgment, must be such matter as would have been sufficient on demurrer. This is the general rule; but it necessarily has relation alone to such matters of law as are apparent on the record of the indictment, and cannot be so extended as to exclude, after judgment, an assignment of error for reversal (not in arrest) based on matters appearing on the record of conviction, which record must contain, in substance at least, a statement of the whole proceedings.

A material objection, says Mr. Chitty, 1 Cr. L., 752, to the record of the judgment will be sufficient to procure its reversal.

We think that the record of conviction is defective, in not showing that the jurors who tried the issue were sworn. The original entry on the minutes enumerates the jury; but does not state that they were sworn, and this material fact cannot be supplied in a criminal case by the presumption of *omnia rite acta*, but should appear upon the record itself. *Beale* v. *Campbell*, 1 How. Miss. 24; *Irwin* v. *Jones*, ib., 494 ; 2 Blackford's Reports, p. 272. See also the forms of records of conviction at the assizes, to be found in the appendix to the 4th Blac. Com., in each of which, after the recital of the names of the jury, is added "who being elected, tried and sworn," etc.

If the jury were regularly sworn, and the Clerk omitted to make the entry on the minutes, it would have been within the province of the Court in the ex-

ercise of an inherent power, to have directed, upon proper suggestion, that the minutes should be so corrected as to conform to the facts which really existed; for it is well settled that whenever errors or omissions in ministerial acts in. criminal proceedings, are satisfactorily shown, they may be amended at any time; and it has even been held that it is no objection to the amendment, that it was intended to supply an omission which occurred when a different Judge presided. 1 Ch. C. L., 335, 6; 1 Saund., 249, v. 1; 4 East., 175, *State* v. *Folke*, 2 A. 745.

If the jury were sworn, and that fact could be proved, the record of the Court could have been so amended as to have supplied the omission; and thus completed, it might, under a writ of certiorari, have been laid before us on the appeal.

The judgment of the District Court is therefore reversed, and the case remanded for a new trial.