No. 6910.

THE STATE VS. JOSEPH CHRISTIAN.

The trial of a criminal case without any plea having been filed by, or on behalf of the accused, is fatally irregular; and any verdict against the accused, in such a case, will be set aside.

Where the record in a criminal case fails to show that the accused was present in court, at any time from the moment of his arraignment to his sentence, the judgment and verdict against him will be annulled, and set aside.

When the entry in the record of a criminal case states that the jury were duly sworn and empaneled, it will be presumed that all of the jurors were sworn, although only eight of them are *expressly* mentioned as having been sworn.

Denunciation of another jury, for having found a wrongful verdict in a different case, (made by the District Attorney in the argument of a criminal case,) although objectionable, is not ground for setting aside a verdict.

Indictments charging the crime of larceny, and burglary, may be repeatedly amended during the trial of the case, in order to set forth the names of the real owners of the property charged to have been stolen.

Even after the jury in a criminal case have been impaneled, the statement of defendant's counsel that they would impeach the character of a brother of one of the jurors, who was a witness for the State, may sometimes, but not always, make it proper for the court to excuse the juror.

Where the accused, who is charged in one indictment with burglary, and grand larceny, has been convicted of burglary, the entry of a *nolle prosequi*, as to the charge of grand larceny, will not warrant an arrest of judgment.

APPEAL from the Fifteenth Judicial District Court, parish of Terrebonne. *Beattie*, J.

*H. N. Ogden*, Attorney General, for the State.

*Jno. B. Winder* and *Thos. L. Winder* for defendant.

The opinion of the court was delivered by

EGAN, J. The defendant avers that he was indicted for burglary and grand larceny, and such seem to be the entries in the record. He was convicted and sentenced to fourteen years in the Penitentiary at hard labor, and from that sentence appeals. He assigns as error—

First—That no plea was entered, and there was no joinder of issue.

Second—That he was not present in court during the trial or any proceedings from arraignment to sentence, and was deprived of the right of confronting the witnesses who appeared against him.

Third—That the jurors who tried the case were not sworn; and,

Fourth—That the District Attorney was permitted by the court,

against the protest of the prisoner's counsel, to make an improper argument to the jury.

As to the first ground, it appears that the prisoner was arraigned, *i. e.*, called to the bar to answer or plead to the matters charged against him in the indictment, whereupon, through counsel, he asked permission of the court to withhold his plea, which was granted. He does not appear at any subsequent time to have been called upon to enter or to have entered plea. There was therefore no issue made up between him and the State, without which it was irregular to proceed to trial, as there was nothing to try. The object of arraignment is to inform the accused of the nature of the accusation against him, and to evoke plea.

As to the second ground of error, that the prisoner was not present in court during the trial or any proceedings from arraignment to sentence, the entry in the record is in these words: " This case having been regularly fixed for trial was this day called and taken up and tried and the persons whose names follow were duly impaneled and sworn to try this case, viz.: Then follow the names of the jurors, of the regular panel to the number of eight, and other entries showing the drawing of talesmen to complete the jury, and after two several amendments of the indictment, there appears this further entry: " And the said jurors after having heard the evidence adduced and the charge of the court, retired to their room to consider their verdict." Then follows the returning of the verdict into court, the verdict, the polling of the jury and the recording of the verdict, and finally the judgment or sentence of the court based upon the verdict, while nowhere after the arraignment until the sentence does it appear from the record that the accused was present in court otherwise than by counsel. Whatever moral impressions may exist in the mind of the court, and however the rule " *omnia præsumuntur*" may apply in civil matters, no such presumption exists in criminal cases, and however reluctant we are to do so after a case has passed through all the stages of a trial, we can not sustain so loose a record of conviction, nor disregard the constitutional right of the accused to be confronted with the witnesses and to be present in court during all the stages of the trial, and at every step in the progress of the case. This ground of error is also well taken.

As to the third ground, that the jurors who tried the case were not sworn, it will be seen from the entry already quoted that eight jurors of the regular jury panel were sworn to try the case. The sheriff then proceeded to draw from the box of tales jurors the ninth juror, and that box being exhausted, to summon other talesmen, of whom three, whose names are given were chosen to complete the jury. No special mention is made of the swearing of three additional or tales jurors. But we think, though not very closely conjoined, that they are embraced by

State vs. Christian.

the general entry in relation to the due impaneling and swearing of the jurors in the case which precedes the names and numbers of all the jurors.

Fourth—As to the improper argument by the District Attorney, which is charged to have affected the jury unfavorably, it consisted in a reference to and denunciation in strong language of an alleged improper acquittal the day before, and in calling upon the jury not to render a like verdict of which they would be ashamed.

While we differ with the judge *a quo* as to his right to restrain counsel within reasonable limits and to pertinent grounds in argument, he was the best judge in this instance, and seems to have regarded it as simply in bad taste, we can not consider it from the record before us as an error which will warrant our disturbing the proceedings below on this ground. The defendant's counsel excepted to the District Attorney being permitted to amend the indictment twice on the trial. Both amendments are as to *the names* of the *owners* of articles charged in the indictment to have been stolen, and whatever may have been the case at common law or may be now in other States, such amendments are allowed in this State by the express terms of the statute. See R. S. 1870, section 1047. A bill of exceptions is taken to the refusal by the court at the request of defendant's counsel, after his challenges were exhausted, to excuse under the discretionary power granted the court a juror for the reason that defendant's counsel declared their purpose to impeach the character of a brother of the juror, a witness for the State. The court states at the foot of the bill that "no impeachment of the witness was made except in argument." While this is not made a cause of challenge by the accused, the State and the law desire an impartial trial unaffected by bias or prejudice; and while this matter was discretionary with the court when called upon by the defendant's counsel, the reason given by the judge *a quo* for refusing to excuse the juror is hardly a sufficient one, as it was only developed after the juror was impaneled and "*non constat*," but that, as stated by him, the counsel may have been prevented from attempting the desired impeachment for fear of prejudicing the juror, brother of the witness. Of this we would only remark that such a statement by reputable counsel under circumstances not suspicious, and where it could not prevent an impartial trial, might well have warranted the excusing of the juror by the court. We are not however prepared to say that the failure to do so in this instance was error. After the verdict the District Attorney entered a *nolle prosequi* as to the charge of grand larceny, of which, as well as of burglary, the jury had found the defendant guilty. Upon this his counsel bases a motion in arrest of judgment, and charges that the District Attorney abandoned the prosecution, and did after verdict rendered

24

enter a *nolle prosequi*, which had the effect of annulling the verdict as rendered. However questionable is the use of the *nolle prosequi* in such a case after verdict, we do not think it good ground to arrest the judgment. Burglary and larceny, whether grand or petty, are among the exceptions to the rule that two distinct offenses should not be charged in the same indictment, which would not therefore be liable to the charge of duplicity. It is well settled that in such a case the jury might have found a verdict of guilty of burglary and not guilty of larceny without affecting the conviction. Wharton's American Criminal Law, title Duplicity. If then the jury might so find, we see no reason why the prosecuting officer might not, with leave of the court, so order without affecting that part of the verdict in regard to the other charge of burglary. Besides, the judge *a quo* seems to have entertained grave doubts whether the indictment was really one good for any thing more than burglary; and if it was not, then there is still less in the motion to arrest the judgment for a *nolle prosequi* as to a crime not properly charged in the bill; and in the Ford case, just decided, we held it to be in law an indictment for burglary only.

Much as we regret the necessity under the law of so doing in regard to an offender of this class, if he indeed be such, the very loose and irregular record before us leaves us no alternative but to sustain his appeal upon the grounds favorably passed upon in this opinion.

It is therefore ordered and adjudged that the verdict and sentence appealed from be and they are avoided and set aside; that the accused be detained in custody to answer to the indictment, and the case be remanded to the court below to be proceeded with according to law and the principles of this opinion.