No. 8085.

STATE OF LOUISIANA VS. JAMES COLLINS AND SIMON KINNEY.

The accused being present in court during the trial, and the jury having retired and returned after a short time with their verdict, it will be presumed that the accused was also present in court at the rendering of the verdict and judgment. If, in point of fact, the accused was not present when it is presumable he was, the burden of proving his absence rests on him.

The information is not defective for duplicity because it contains a description of the manner in which the crime was committed, and, for that purpose, mentions a minor offence punishable by a different statute.

APPEAL from the Sixth Judicial District Court, parish of West Carroll. *Brigham*, J.

J. C. *Egan*, Attorney General, for the State, Appellee.

First—Where the record shows the prisoner to be in court during the trial, and that the trial of the case was proceeded with, and a verdict rendered on the day of trial, it will be presumed that the prisoner was in court at the time of the rendering of the verdict. And such presumption will stand until disproved. 33 Ill. 276.

Second—When the record states that "the accused, Simon Kinney and James Collins, having nothing further to say why sentence should not be passed against them," etc., it is conclusively shown that they were present when the judgment and sentence were rendered by the Court.

Third—An indictment is good when the crime for which the accused is tried is distinctly charged therein, although the same count contains a description of how that crime was committed, and in so doing mentions another, a minor crime, for which the law provides a penalty; there is the commission of but one crime charged. 10 Met. 422, 425; 14 Ind. 23; Law. Rep. 1 C. C. 241; 1 Iowa, 542; 39 N. H. 96.

C. T. Dunn, Spencer & White, Richardson, McEnery & Polk, for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The accused assign as errors, that it does not appear from the record that they were present in court at the time of arraignment, or during the trial of the cause, nor at the rendering of the verdict, nor at the time that judgment and sentence were passed.

Since the assignment was filed, the incomplete transcript was perfected.

The record distinctly shows that the accused were arraigned in open court, pleaded not guilty, and asked for trial by jury.

It further shows expressly that they were present in court during the trial, which was proceeded with; that the jury was formed and empaneled to try the accused; that, after hearing the evidence, argument of counsel, and a charge from the court, the jury retired to consider their verdict, and, after a short time, returned into court with a verdict of guilty, as charged in the indictment—the whole in the same day.

The record does not show that any interval elapsed during the time of the trial and the rendering of the verdict.   The presumption is that the prisoners were continually present from the beginning to the end.   Persons indicted for felony may waive the right to be present during trial, so far as to be temporarily absent.   Where the presumption of their presence exists, and the fact of their absence, without waiver, can be established, the burden is upon them to rebut the presumption. In this the accused have failed.   Schermer vs. People, 33 Ill. 276; Hill vs. State, 17 Wis. 675.

The transcript formally shows that the prisoners were present when judgment and sentence were passed on them, as it declares " the accused having nothing further to say why sentence should not be passed," etc.   The inference is conclusive that they were in attendance when judgment and sentence were pronounced.

The defendants further complain that they cannot be sentenced on the charge set forth in the information, because,

First—The charge does not, as it should, set forth that the accused made the assault by feloniously and willfully shooting, etc.

Second—The verdict is obnoxious for duplicity, and cannot be executed, because two distinct offenses, to wit, " an assault with a danger-

ous weapon " and " by willfully shooting at," are set forth in one and the same count in the information.

I.   The indictment distinctly charges that the defendants "did *feloni-· ously, willfully* and with malice aforethought, make an assault with dangerous weapon," etc.

II.   It is true that there exist two different statutes which denounce assault with a dangerous weapon and willful shooting; and that if two· distinct offenses had been charged, the indictment would have been defective, and the verdict being obnoxious for duplicity, could not be executed; but there is but one offense charged in this case.   The assault is· not a simple but an aggravated one.   The information is not defective,. or vicious, because it contains a description of *how* the crime was committed, and for that purpose mentions a minor crime punishable by law.   The greater offense includes the lesser.   The description does not jeopardize the rights of the accused any more than if they were left to inference.   The offense is charged in the exact language of the statute. 14 Ind. 23; Law Rep. 1 C. C.; 1 Iowa 542; 39 N. H. 96; 10 Met. 422, 423.

It is therefore ordered that the judgment appealed from be affirmed with costs.