State vs. McMichael et als.

No. 12,744.

STATE OF LOUISIANA VS. E. R. MCMICHAEL ET ALS.

A statement made by sureties of an accused person who failed to make an appearance as required by his bond, and whose bond had in conseqence of said default been forfeited, that "they weve prepared to produce their principal," is not the formal surrender of a principal required by Sec. 1033 of the Revised Statutes. The court affirms State vs. Martin, 49 An. 752.

Where the crime with which a person stands charged is a felony his attorney is without authority to waive his arraignment in his absence.    State vs. Meekins, 41 An. 543; State vs. Jones, 70 Iowa, 505; Younger vs. State, 2 West Va. 579; 98 Am. D. 791; Bishop's New Criminal Procedure, Vol. 1, par. 268; People vs. Redinger, 55 Cal. 298; American and English Encyclopedia of Law, title, "Criminal Procedure," page 762.

APPEAL from the Ninth Judicial District Court for the Parish of De Soto.   *Hall, J.*

*J. B. Lee,* District Attorney, for Plaintiff, Appellee.

*Elam & Egan (J. D. Wilkinson* of Counsel) for Defendants, Appellants.

Argued and submitted February 26, 1898.
Opinion handed down March 7, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J. On the 4th of December, 1897, E. R. McMichael, as principal, and C. B. Hicks, L. M. Cook and C. A. Douglas, as securities, executed a bond in favor of the Governor of the State, or his successors in office, in the sum of three hundred dollars. The condition of the bond was, that whereas, E. R. McMichael had been arrested under warrant issued by the justice of the sixth ward of the parish of De Soto, for assault, with intent to rape, and it had been ordered by the District Judge that he be allowed bail in said amount for his personal appearance before him at the next regular jury term of the District Court, commencing at the court house, in the town of Mansfield, on the 24th of January, 1898, to answer said charge—the obligation of the principal and sureties would be null and void if the said bounden McMichael should well and truly appear on that day, and from day to day, and term

to term, and to answer to said charge, or until legally discharged; otherwise it would remain in full force and effect.

The District Court for the parish of De Soto met in regular session on the 24th of January, 1897, being the fourth Monday of that month. On the 26th of January the grand jury returned an indictment against E. R. McMichael, charging him with an assault with intent to rape.

On the 27th of January, McMichael and his sureties were called on their appearance bond at the court house door, and defendant having failed to appear and answer, judgment of forfeiture was entered against both principal and sureties.

On the 3d of February the sureties appeared and moved to have the decree of forfeiture of the bond set aside, declaring that "they were then prepared to produce their principal."

On the trial of the rule to set aside the forfeiture (commenced February 3, and resumed February 4) it was admitted "that E. R. McMichael was in the town of Mansfield on the morning of January 27, 1898, the day when he was called on his bond, but at the time he was called on his bond he had left town.

"That when the State ordered him called on his bond counsel for defendant offered to waive arraignment.

"That he knew he was indicted at the time he left the town on January 27, 1898. That he returned to town on Tuesday, February 1, 1898, but did not appear in court.

"That the jury for the week had been discharged before he appeared or filed any rule to set aside the forfeiture of his bond; that the court, in open session, on February 2, 1898, discharged the jury for the next week, which was the last week for which a jury was drawn.

"That the indictment was returned January 26, 1898.

"That at the time the jury for the week was discharged, on February 3, 1898, a jury was out deliberating on a case which had been tried and submitted to them on February 2, 1898; that the jury was still out when the trial of the rule to set aside the forfeiture began, and after the trial of the rule had been adjourned over to the following day, to summon witnesses, this jury failing to agree, was discharged from the case and for the term, and a mistrial ordered in that case.

"That there was no suggestion or request made to the court by

counsel for defendant to hold either the jury for the week or the jury that was out deliberating on that case for the purpose of trying the defendant, McMichael.

"That the rule to set aside the forfeiture was filed on the same day that the jury for that week was discharged, and after it had been discharged.

"That two cases had been previously fixed for trial for the 3d of February, and that these two cases were continued on motion of the District Attorney, on account of sickness, and absence of witnesses before the rule was filed, and before the jury was discharged.

"That the court was opened and held on February 4 for the trial of the rule to set aside the forfeiture and for the sentencing of the prisoners and other civil business, and that the court would have been held whether the rule was tried or not.

"That the District Judge informed counsel for defendant several days before the filing of the rule that court would be opened on February 4 for the purpose of trying.an account in a succession in which they were counsel.

"That there were nine cases fixed for February 3, 1898, in two of which cases Mr. T. G. McMichael, of counsel for defendant, was counsel, and that in these two cases he announced he was ready for trial when they were called; but the cases were continued as above stated.

"That in four of the cases fixed for February 3 the defendants pleaded guilty on January 31, and that three of them were nolle prosequied on January 31; that on February 1 the defendants in two of the cases were sentenced, thus disposing of all the cases fixed for Thursday, except the two referred to in the above admission.

"That no criminal cases were fixed for a later day than February 3.

"That for the past four years the criminal terms of the District Court have been held for three weeks, except for one term held in February, 1896, when it was held for only two weeks.

"That all cases of parties in custody, except the two cases previously referred to, had been tried when the jury was discharged.

"That the defendant, McMichael, was in the town of Mansfield on Thursday, February 3, 1898, when the rule to set aside was filed, and for the purposes of the filing and trial of the rule, the District Attorney waived the presence of the accused in court.

"That the defendant tendered the sheriff a new bond on the fourth

day of February in the place of the one forfeited signed by sufficiently solvent securities, including among others the names of the sureties on the bond forfeited.

"That the principal, McMichael, and all his sureties were in the town of Mansfield on Tuesday, February 1, 1898."

The sheriff as a witness testified that he did not see McMichael on Tuesday, February 1, 1898. That he saw Hicks, Douglass and Cook in Mansfield on that day; that there was no offer made by them to surrender McMichael to him on the bond and have it canceled.

The court refused to set aside the forfeiture and rendered judgment against McMichael and his sureties *in solido* for the sum of three hundred dollars with legal interest from date for the use and benefit of the public schools of the parish of De Soto and all costs.

All the defendants appealed.

The fact that counsel of the accused on the second day of the term of court offered on his behalf to waive arraignment can have no influence upon the decision of this case. The crime with which the defendant was charged was a felony. His attorney was without authority to waive his arraignment on his absence. Am. and Eng. Ency. of Law, "Criminal Procedure, page 762; citing People vs. Redinger, 55 Cal. 298; Bishop's New Criminal Procedure, First Vol., par. 268; Younger vs. State, 2 West Va. 579; 98 Am. D. 791; State vs. Jones, 70 Iowa, 505; State vs. Meekins, 41 An. 543.

A personal appearance and plea in person are necessary at the arraignment for a felony. This can not be done by attorney.

We are satisfied from the facts stated that McMichael's course was actuated by a purpose to avoid trial at the term of court at which he was indicted, and that his presence in court on the 3d and 4th of February (had be been present) would have been simply by reason of the fact that he knew that he could not be tried. A statement made by the sureties of an accused person who had failed to make an appearance as required by his bond and whose bond had in consequence of said default been forfeited, that "they *were prepared to produce their principal*" is something other than "the formal surrender of him by them to the sheriff or his deputy sheriff in open court, or within the four walls of the prison."

This formal surrender so made is declared by Sec. 1033 of the Revised Statutes to be essentially necessary for the release of the sureties from their responsibility.

The law is precise, emphatic, and leaves no room for construction.

We see no material difference between this case and that of the State vs. Martin, 49 An. 752.

For the reasons hereby assigned:

It is ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed.