(106 So. 651)

No. 27308.

## STATE v. FUTRELL.

(Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law 262—In felony case, accused may waive arraignment through counsel if he is personally present.**

In felony case, accused may waive arraignment through counsel if he is personally present.

**2. Criminal law 262 — Counsel may not waive arraignment in felony case in absence of accused.**

Counsel may not waive arraignment in felony case in absence of accused.

**3. Criminal law 1086(12)—Record in felony case must show accused was present at every important stage of trial.**

Record in felony case must show that accused was present at every important stage of trial for felony from arraignment to sentence.

**4. Criminal law 1086(12), 1144(11)—If felony trial continues several days, minutes must show presence of accused from day to day, and there is no presumption his presence continues.**

If felony trial continues several days, minutes must show presence of accused each day, and there is no presumption from showing that accused was present first day when nine jurors were selected and sworn.

**5. Criminal law 1110(9) — Case remanded for correction of minutes to show whether accused was present when arraignment was waived and on each day of trial.**

In prosecution for arson, where record was uncertain whether accused was present when his counsel waived arraignment, and whether he was present each day of trial, Supreme Court, on own motion, will remand case for correction of minutes.

O'Niell, C. J., dissenting in part.

Appeal from Ninth Judicial District Court, Parish of Grant; R. C. Culpepper, Judge.

W. C. Futrell was convicted of an offense, and appeals. Case remanded for correction of minutes.

John A. & R. P. Williams, of Lake Charles, and Clair H. McCain, of Colfax, for appellant.

Percy Saint, Atty. Gen., Percy T. Ogden, Asst. Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (E. R. Schowalter, Asst. Atty. Gen., of counsel), for the State.

THOMPSON, J. Our attention has been called, by an assignment of errors, to the fact that the transcript as originally filed failed to show that the indictment against the defendant was returned and presented by the grand jury in open court, and that the defendant was arraigned and present during the trial of the case.

After the case was argued and submitted, the district attorney applied for a certiorari to have the record supplemented so as to show the presentation of the indictment and the arraignment of the accused, but no correction was asked with reference to the presence of the accused.

In response to the certiorari, a supplemental transcript has been filed which sufficiently shows the return of the indictment into open court, but it does not show affirmatively that the defendant was arraigned, or that he was personally present and waived arraignment through counsel.

All that the minutes show with reference to arraignment is contained in the following entry:

"The criminal docket was then taken up, and the following parties, in open court, or represented by counsel, waived arraignment and pleaded not guilty and their cases set for trial."

"The following case was set for trial April 15, 1925:

"No. 4247, W. C. Futrell—Arson."

It is obviously impossible to say from this minute entry whether the defendant was one of those who were present and waived arraignment, or that he was one of those absent and in whose behalf arraignment was waived by counsel.

[1] It is well settled that in a felony charge the accused may waive arraignment through counsel if he is personally present. State v. Fontenette, 45 La. Ann. 902, 12 So. 937.

[2] But counsel is without authority to waive arraignment under such a charge (the charge here is arson) in the absence of the accused. State v. McMichael, 50 La. Ann. 428, 23 So. 992.

[3] It is equally well settled that the record must show that the accused was present at every important stage of the trial for a felony from the moment of his arraignment to his sentence. State v. Christian, 30 La. Ann. 367; State v. Ford, 30 La. Ann. 311; State v. Davenport, 33 La. Ann. 231; State v. Thomas, 128 La. 816, 55 So. 415.

[4] The trial in the case at bar consumed part of three days.

The minutes show that, when the first nine jurors were selected and sworn, the accused was present, but the case was postponed till the next day in order to summons tales jurors to complete the panel.

After the first day's proceeding, the record fails to show that the accused was present at any of the proceedings had in the case including the rendition of the verdict.

Had the case been concluded on the first day—the minutes showing that the accused was present at the beginning of the trial— we would be authorized to presume that he was present during all the subsequent proceedings had on that day. State v. Collins, 33 La. Ann. 152; State v. Price, 37 La. Ann. 215.

But such presumption does not attach where the trial of the case is continued from day to day over a period of three days.

In that instance the minutes must show the presence of the accused on each day.

We are unwilling to pass upon the merits of the case in the present condition of the transcript. If we were to do so, we would be compelled to set aside the verdict and sentence and remand the case, as was done in the case of State v. Christian, 30 La. Ann. 367, and cases there cited.

[5] We will on our own motion remand the case to the lower court to afford the state an opportunity to correct the minutes contradictorily with the accused so as to show whether the accused was present when his counsel waived arraignment, and to show further whether he was present on each day of the trial of the case, including the rendition of the verdict and passing of sentence.

It is accordingly so ordered, and, when the correction is thus made, the transcript showing such facts to be returned to this court.

O'NIELL, C. J., is of the opinion that after this long time the case should not be remanded for the correction of the minutes, but the verdict should be set aside and the case remanded for a new trial.