ROGERS, J.
 

 The defendant was charged with committing arson by burning a pile of lumber of a greater value than $25, the property of another person. Act 211 of 1928, § 3. On the trial of the case he was found guilty as charged, and has appealed from his conviction and the sentence imposed in pursuance thereof. In support of his appeal defendant relies on three bills of exception.
 

 Bill No. 1. The bill was reserved to the action of the trial judge in admitting, over defendant’s objection, the .testimony of the prosecuting witness that he had arrested defendant for violating the game laws on the day preceding the night on which his lumber was burned.
 

 We do not find any error in the ruling complained of. The evidence in the case was wholly circumstantial. The testimony in question was admitted in connection with other testimony showing that defendant at the time of his arrest exhibited anger towards the arresting officer, for the purpose of establishing motive. In cases of circumstantial evidence motive is a circumstance bearing on the identity of the accused as the perpetrator of the crime, and evidence tending to show motive on his part is relevant and admissible.' 16 O. J. § 1048, p. 547.
 

 Bill No. 2. The prosecution proved that on the same day and immediately after defendant’s arrest his automobile marked “For Sale, $40.00” was found by a deputy sheriff in a garage in the town of Oberlin. In explanation of this, defendant and his brother-in-law testified that the latter had “stood good” for the price of two tires, and, after defendant’s arrest, took the car to the garage to be sold in order to pay for the tires. These facts were not disputed. Defendant, however, sought to prove the instructions given by him to his brother-in-law, in whose custody the car was placed. The testimony was excluded by the trial judge upon objection by the state that it was hearsay and a self-serving declaration. Defendant excepted to the ruling and reserved this bill. The ruling was correct.
 

 Bill No. 3. This bill was reserved to the overruling of defendant’s motion for a new trial. The general grounds assigned in the motion as entitling defendant to 'the. relief prayed for are: (1) That the verdict is contrary to the law and the evidence; (2) that the bills of exception reserved during the trial disclose prejudicial error; and (3) that errors and defects occurred during the trial and since the verdict which have prejudiced' the defendant.
 

 1. Defendant contends that the trial judge erred in refusing to permit him to introduce proof on the allegations of his motion setting out that the evidence on the part of the state was wholly circumstantial and that the verdict of the jury was contrary to the law and the evidence. In support of his contention he relies on Crim. Code, art. 507, p. 110, reading as follows, viz.:
 

 “Every motion for a new trial must specify the grounds upon which relief is sought, must be tried contradictorily with the district attorney, and the proof must correspond With the allegations of the motion.”
 

 Defendant specifies, in his motion, the errors of fact complained of and argues that under the quoted provisions of the code this court now has the right to review and pass upon those facts. The argument is not sound. The inhibition upon the Supreme Court to review the facts found by the jury or by the
 
 *492
 
 judge in a criminal case is constitutional; lienee, it cannot be abrogated by a mere legislative enactment. Obviously, tbe proof referred to in the codal provision is tbe proof of sucb facts only as may be legally inquired into on a motion for a new trial.
 

 2. Tbis ground of complaint has been considered and disposed of in tbe discussion of tbe bills of exception to which reference is made in defendant’s motion.
 

 3. Defendant avers that bis conviction should be reversed because be was not present in tbe courtroom during a portion of tbe argument to the jury by tbe district attorney.
 

 Tbe record shows on tbis phase of tbe motion for a new trial that tbe defendant, without tbe knowledge of tbe court or of any of its officers, left tbe courtroom for a necessary purpose during tbe argument of tbe district attorney; that, as soon as bis absence was discovered, proceedings were stayed, and upon bis return to tbe courtroom, which was after a lapse of three or four minutes, bis counsel declared that tbe irregularity was waived, and that no advantage would be taken of tbe incident.
 

 Tbe defendant was under bond, and it is not contended or shown that bis absence, which was voluntary, resulted in any injury to him. In fact, it was considered of so little importance at tbe time, that defendant, through bis counsel, expressly disclaimed any intention to avail' himself of it. There is no merit in defendant’s contention. State v. Ricks, 32 La. Ann. 1098, State v. Perkins, 40 La. Ann. 210, 3 So. 647.
 

 4. Defendant complains that, after tbe jury had retired to deliberate, they requested additional instructions which were given to them through tbe deputy sheriff and not in open court as tbe law requires. On tbis point, tbe record discloses that tbe deputy sheriff, at the request of tbe jury, inquired of tbe trial judge as to tbe minimum penalty that could be imposed in tbe case; that in reply to tbe inquiry the trial judge stated, in effect, that tbe penalty was not tbe affair of the jury and that be could not furnish them with tbe information requested; that tbe trial judge immediately informed defendant’s attorney of what tbe deputy sheriff bad asked him and what bis answer bad been. No objection nor request of any kind was made by defendant or bis attorney. Defendant’s complaint, if there was any virtue in it at all, came too late. Sucb complaints can only be made and embodied in bills of exception reserved when tbe special instructions requested by tbe jury are given or refused. Marr’s Crim. Juris. (2d Ed.) § 685.
 

 5. Defendant, in bis brief, argues that tbe indictment is defective in that it does not set out any crime known to tbe law. No allegation or contention to that effect appears anywhere in tbe record. Tbe third section of paragraph 3 of tbe motion for a new trial, under which the argument is made, merely contains a general allegation of prejudicial error committed during tbe trial and after tbe rendition of tbe verdict. Tbe argument, therefore, is not pertinent to tbe issue raised by tbe proceedings.
 

 Eor tbe reasons assigned, tbe verdict and sentence appealed from are affirmed.
 

 O’NIELL, O. J., dissents from tbe ruling on bill No. 2.