*1032
 
 ODOM, Justice.
 

 The defendant Carley Layton was convicted' of murder and sentenced to be hanged. He moved for a .new trial on the ground that the verdict of the jury was contrary to the law and the evidence. His motion was overruled and bill was reserved. It is settled that such motions present nothing for review. State v. Robertson, 133 La. 806, 63 So. 363; State v. McKee, 170 La. 630, 128 So. 658; State v. Lewis, 175 La. 698, 144 So. 423; State v. Laracca, 174 La. 700, 141 So. 381; State v. Elkin, 177 La. 427, 148 So. 668.
 

 This being the only bill of exception reserved by defendant, counsel for the state, argue that the verdict and sentence should be affirmed. It should be but for the fact, as pointed out by counsel for defendant, that the record brought up discloses patent errors in the proceedings below.
 

 The transcript as made up by the clerk and sent to this court purports to be a true and correct copy of all minute entries made by him in connection with the arraignment, trial, conviction, and sentence of the accused, as well as a true copy of the indictment, all pleas, demurrers, motions, orders, and bills. The clerk attached to the transcript his certificate that the transcript is correct, and in the absence of any suggestion or statement to the contrary by the district attorney, who argued the case orally in this court, we must assume it is correct.
 

 Counsel for defendant in his oral argument and in brief has called to our attention the fact that the minutes do not show that defendant was present in court during some of the important stages of the proceedings in the trial court. According to the record before us, this accused and his codefendants were brought into court and arraigned on May 8, 1934, and the case was then and there set for trial on May 21st. The minutes of May 21st read as follows:
 

 “This case having been previously set for trial for this day was taken up for trial. The following jurors were selected out of the list of petit jurors to try the case, namely, W. A. Abernathy, Having exhausted the petit jury, the tales box was brought into open court and the one hundred tales jurors were drawn therefrom and were ordered summoned by the sheriff.
 

 “Attorneys for Defendants filed a motion to quash the Talis Jury list, to which filing the District Attorney objected. Objection overruled by the court; Motion Taken up for trial; It was agreed between the State and Defendants to dismiss all Talis Jurors from Wards Four and Five, and the Sheriff was by agreement ordered to select a list from Wards One, Two and Three, to serve as Talis Jurors for this Trial ;
 

 “The following Jurors were selected from list of Talis Jurors namely^
 

 “2. E. H. Lester;
 

 “3. Lester Cleveland;
 

 “4. L. A. Bishop.
 

 “And being unable to finish the trial on this day Court was adjourned until Tuesday May 22, 1934;
 

 “Joel B. Dickinson, Clerk of said Court.”
 

 It is not stated that the accused was present at any time during that day’s pro
 
 *1034
 
 eeedings, and there is nothing in the minutes from which we may infer that he was.
 

 The minutes of the following day, May 22d, after reciting that the court'was opened, read as follows:
 

 “The trial of this case being resumed, the following additional jurors were selected to' try the case, namely; (then follows the names of the jurors).”
 

 The minutes conclude as follows:
 

 “After the jury were duly sworn and the indictment was read to them, the state made an opening statement to the said jury after which the State began to adduce its evidence and being unable to finish, court adjourned until Wednesday, May 23, 1934.”
 

 It is not stated, and there is nothing from which we may infer, that the accused or his counsel was present in court during the entire day’s proceedings.
 

 The minutes of May 23d recite that the jury was brought into court, that their names were called, and that all answered present. The minutes continue:
 

 “After the state had adduced its testimony it rested its case. The counsel fot defendants after taking a ten minutes’ recess, to talk to their witnesses, submitted the case without placing any witnesses on the stand. After argument of counsel for both state and defendants, and after being duly charged by the court, the jury retired ±o the jury room for deliberation. Court adjourned until Thursday, May 24, 1934.” .
 

 Here again it is not stated that the accused was present during that day. But we assume that his counsel was present during the entire day, because it is stated that there was “argument by counsel for both state and defendants,” and the counsel were given ten minutes to talk to the witnesses.
 

 The minutes of May 24th recite that the jury was brought into the court room and, after being polled, pronounced their verdict. While it is not stated that the defendant was present at the time, we infer that he was because the minutes conclude with the foL lowing statement: “The prisoners were remanded to jail to await sentence.”
 

 The minutes of each day’s proceedings as copied in the transcript are attested by both the judge and the clerk, who signed .them. We have looked in vain to the judgment condemning this defendant to death for evidence that he was present in court on either May 22d, when eight of the twelve jurors were selected, when the district attorney made his opening statement and the state began to adduce its - evidence, or on May 23d, when the state concluded its eyidence, when the ease was argued and submitted, and when the jury was charged by the court and retired for deliberation. ’The judgment does recite, however, that he and his counsel were present on May 21st, the day on which the trial was begun and four jurors selected.
 

 So that, according to the only information we have, if we permit this verdict and sentence to stand, this prisoner will go to his death without having been tried according to the formalities prescribed by law, without having been confronted by the witnesses against him. Section 9, Bill of Bights, Const.
 

 The jurisprudence of this state is settled to the effect that one who is tried for a felony must be personally present in court at every important stage of the trial from the moment of his arraignment to his sen
 
 *1036
 
 tence. Otherwise a verdict and judgment against him will be set aside. Not only that, the minutes of the court must affirmatively show that he was present. State v, Christian, 30 La. Ann. 367; State v. Ford, 30 La. Ann. 311; State v. Davenport, 33 La. Ann. 231; State v. Thomas, 128 La. 816, 55 So. 415; State v. White, 156 La. 770, 101 So. 136; State v. Futrell, 159 La. 1093, 106 So. 651.
 

 It is settled also that when the certificate of the clerk shows that the record is complete, appellant may at any time, orally or in brief, call the attention of the court to any error patent on the .face of the record without making a formal assignment of errors. State v. Kierson, 140 La. 31, 72 So. 799; State v. Romero, 152 La. 728, 94 So. 370; State v. Gani et al., 157 La. 5, 101 So. 726.
 

 Where an accused person is actually present in open court at all the important stages of the trial and the minutes fail to show his presence, the minutes may be corrected, either before of after the appeal, to show the facts, if done contradictorily with the accused. State v. Gates, 9 La. Ann. 94; State v. Revells, 31 La. Ann. 387.
 

 And this court has, in at least two comparatively recent instances, remanded cases in order that the minutes might be,corrected to show the truth. State v. White and State v. Futrell, supra. In the White Case the opinion indicates that the court discovered the error in the minutes. At least there is nothing to show that the attorney representing the state had discovered the error at the time the case was argued and submitted to this court. Not having discovered the error, they of course made no attempt to have the minutes corrected. In the Futrell Case, the court’s attention was called, by assignment of errors, to the fact that the minutes did not show that the indictment against the defendant was returned and presented in open court by the grand jury or that the defendant was arraigned or present during the trial of the case. After the case was argued and submitted, the district attorney applied for certiorari to have the record corrected. In response to the certiorari, a supplemental transcript was filed which showed that the indictment was returned in open court but did not show that the defendant was arraigned or that,he was personally present in open court and waived arraignment. Evidently the supplemental transcript was not as full and complete .as it was contemplated that it should be, and the court, on its own motion, remanded the case to afford the state an opportunity to have the minutes further corrected, if in truth they failed to show the true facts. It is clear that the district attorney, after having his attention called to the fact that the transcript was incomplete, took steps to have it corrected. In the White Case, as we have said, it does not appear that there was an assignment of errors or that counsel’s attention was ever called to the condition of the transcript sent up by the clerk.
 

 In the instant case it appears that counsel for the defendant served a copy of his printed brief on the district attorney on Friday, November 2, 1934. In the brief it is specifically pointed out in five separately numbered paragraphs that the minutes do not show the presence of the accused in court during important stages of the trial, and not only is it argued in brief that the verdict and sentence should be set aside because of that fact, but numerous decisions by this court are cited in support of the argument.
 

 
 *1038
 
 On November 9th, one week after a copy of defendant’s brief was served on the district attorney, he and counsel for defendant argued the case orally in this court and it was submitted. In oral argument, counsel for defendant, who, it appears, did not represent defendant in the lower court and was not present at the trial, stressed the point that the verdict should be set aside because the minutes failed to show affirmatively that the accused was present in court during the progress of the trial.
 

 The district attorney did not then nor has he yet taken steps to have the minutes corrected.
 

 While we may, of course, ex proprio motu, without disturbing the verdict and sentence, remand the case for the sole purpose of permitting the state to correct the minutes, if in fact they are incorrect, yet we see no reason why we should do so under the circumstances here existing.
 

 For the reasons assigned, the verdict and sentence appealed from are annulled and set aside, and it is ordered that the case be remanded for retrial according to law.