26 So.2d 745

STATE v. McCART.

No. 38166.

May 27, 1946.

Rehearing Denied June 14, 1946.

Jas. A. Horton, of Coushatta, for appellant.

Fred A. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and H. L. Hughes, Dist. Atty., of Natchitoches, for appellee.

FOURNET, Justice.

The defendant, Hampton McCart, is appealing from his conviction on an indictment charging him and J. V. Keith with conspiring "to commit an aggravated battery with a certain dangerous weapon called a car crank, upon one Van Miller," and his sentence thereunder to serve two years in the state penitentiary, Keith having pleaded guilty to the charge and having been given a suspended sentence.

The first bill, reserved when the trial judge overruled the defendant's motion for a continuance predicated on the absence of a witness (his brother) in the armed forces, is without merit for, as pointed out by the trial judge in his per curiam to this bill the district attorney admitted that if this witness were present "he would testify to the facts outlined in the motion for continuance. In addition, three witnesses, the mother, the wife and one other witness all testified to practically the same thing, each to the effect that the said J. V. Keith had threatened to get even with Van Miller." See Articles 320, 322, and 325 of the Code of Criminal Procedure. Moreover, this identical issue has been adjudicated adversely to the defendant's contention by this court. State v. Saba, 203 La. 881, 14 So.2d 751.

 The second bill was reserved when the trial judge refused to grant defendant's motion for a mistrial because of the fact that the accused, who had walked out of the courtroom during a recess granted upon the request of his counsel after the completion of the taking of testimony, had not returned until after the court had reconvened, at which time the district attorney was, and had been for approximately two minutes, making his opening argument to the jury.

As was pointed out in State v. Layton, 180 La. 1029, 158 So. 375, 377, "The jurisprudence of this state is settled to the effect that one who is tried for a felony must be personally present in court at every important stage of the trial from the moment of his arraignment to his sentence. Otherwise a verdict and judgment against him will be set aside. Not only that, the minutes of the court must affirmatively show that he was present." However, this court has several times had occasion to pass on the identical question presented here, that is, the effect of the absence of an accused who is under bond and who has voluntarily absented himself from the courtroom during the argument of the case before the jury, and the court's conclusion has been that the absence of the accused at such a time is not fatal. State v. Ricks, 32 La.Ann. 1098; State v. Futrell, 159 La. 1093, 106 So. 651; Id., 161 La. 23, 108 So. 111; State v. Henderson, 168 La. 487, 122 So. 591; and State v. Layton, supra.

Four other bills were reserved during the trial which have apparently been abandoned since counsel for the defendant has not argued them here, either orally or in brief. However, a mere examination of them discloses they are clearly without merit.

The third bill deals with an unsolicited reference to the bad character of the defendant made by a witness for the state while on direct examination. He was promptly stopped by the prosecuting attorney and the court instructed the jury to disregard the remark.

The fourth bill presents nothing further for consideration as it is based on the three alleged errors just disposed of and the usual allegation that the conviction is contrary to the law and the evidence, contained in a motion for a new trial.

 Bill of Exceptions No. 5 was reserved when the trial judge ordered the clerk of court to correct the minutes by showing that the defendant voluntarily absented himself from the courtroom during the opening argument by the state. The minutes of the court may always be corrected contradictorily with the defendant to show a fact. State v. Gates, 9 La.Ann. 94; State v. Revells, 31 La.Ann. 387; and State v. Layton, 180 La. 1029, 158 So. 375.

Bill of Exceptions No. 6 is based on the identical issue disposed of in Bill of Exceptions No. 2, and, therefore, presents nothing further for our determination or disposition.

For the reasons assigned, the conviction and sentence are affirmed.

KENNON, J., not participating.