PONDER, Justice.
The defendant was tried and convicted for negligent homicide. He was sentenced to serve a term of four and one-half years in the penitentiary. He has appealed from the conviction and sentence.
Counsel for the defendant is urging three grounds why the conviction and sentence should be set aside. His first contention, raised initially in this Court, is that the minutes of the lower court do not affirmatively show that the accused was present at every important stage of the proceedings. He has cited a long list of decisions of this Court to the effect that the minutes of the court must affirmatively show that the accused was present at every important stage of his trial. We find no fault with the authorities cited, but we cannot agree that the minutes do not affirmatively show the presence of the accused. In fact, the minutes show that the accused was present throughout the trial. The minutes of November 20, 1950 show the accused was present and announced, through his attorney, his readiness for trial, the selection of the jury, the trial of the case, the charge of the court, the deliberation and verdict of the jury, that the jury Was polled and the verdict was ordered recorded. It is stated therein that the verdict was rendered at 2:45 A.M., November 21, 1950. It is, therefore, seen that the minutes affirmatively show that the trial was a continuous transaction without interruption.
*539 Counsel contends that there were recesses during this period of time which are not reflected by the minutes. However, he does not contend that the accused was not actually present, except in one instance which will hereafter be. considered. No effort has been made to correct the minutes. In the case of State v. Hoover, 203 La. 181, 13 So.2d 784, 787, after a review of the jurisprudence, we pointed out that “It is the [well] settled rule of law that this court will be guided by the official minutes of the court as to what transpired during the trial of a case”, citing many decisions of this Court to that effect.
Counsel contends that the trial court erred in refusing to enter a mistrial after it was discovered that evidence had been taken outside the presence of the accused. The contention is levelled at the view of the automobile by the jury when the defendant was not present.
It appears from the per curiam of the trial judge that the defendant’s automobile was parked near the courtroom. It was the automobile that the defendant was driving when he ran into and killed the deceased. Photographs of the automobile were introduced without objection and the automobile was described in detail by the witnesses and the accused. While the accused was on the stand, on direct examination, one of his counsel asked him if the car was in the same condition as it was immediately after the accident. In answer to this question, the accused stated that it was, except for the front fender, which had been straightened out to prevent it from rubbing the tire. He was then asked where was the car. He stated that it was in front of the building being used for court purposes, pending the building of a new courthouse. His counsel then requested that the jury be permitted to see the car. The jury, accompanied by the officials and the attorney for the defendant who had been examining him, proceeded to the place where the car was parked'. The trial judge states that the accused left the witness chair and started in that direction. When the jury was viewing the car, the judge noticed the absence of the defendant. He did not permit any questions to be asked and immediately ordered the jury returned to the courtroom. Upon arriving in the courtroom, he observed that the defendant and his other counsel were seated at a table with the Code of Criminal' Procedure and- Criminal Code opened be-for them. Immediately after the judge ascended the bench, the attorney for the defendant moved for a mistrial. The accused was under bond before and during the trial. He was not in custody of the sheriff. The trial court denied the motion on the ground that the situation was created by the defendant and the further ground that the view of the car was unimportant *541 because the automobile had been described by witnesses and photographs of it had been presented to the jury. The trial judge stated in his per curiam that the accused was present throughout the trial except in this instance, which was brought about by the request of his counsel.
Counsel for the defendant contends that a view of the car constitutes the taking of evidence and that the defendant was not present at an important stage of his trial. He relies on the case of State v. O’Day, 188 La. 169, 175 So. 838; State v. Layton, 180 La. 1029, 150 So. 375 and State v. Pepper, 189 La. 795, 180 So. 640 and the authorities cited therein. It was held in the O’Day case that the view of the scene constitutes the taking of evidence. The Lay-ton, and cases cited therein, states the general rule that an accused must be present at every important stage of the trial. PIowever, this Court has recognized that there are unimportant stages in the proceedings which do not justify the setting aside of a verdict because the defendant was not pres■ent at such unimportant stages of the trial. In the case of State v. Ricks, 32 La.Ann. 1098, the accused, who was under bond voluntarily absented himself during the examination of a witness and during the argument of one of his attorneys. The ■court stated in that case that the voluntary absence of the defendant on those occasions did not afford sufficient grounds for setting aside the verdict. In the case of State v. McCart, 210 La. 278, 26 So.2d 745, 746, this Court stated: “As was pointed out in State v. Layton, 180 La. 1029, 158 So. 375, 377, ‘The jurisprudence of this state is settled to the effect that one who is tried for a felony must be personally present in court at every important stage of the trial from the moment of his arraignment to his sentence. Otherwise a verdict and judgment against him will be set aside. Not only that, the minutes of the court must affirmatively show that he was present.’ However, this court has several times had occasion to pass on the identical question presented here, that is, the effect of the absence of an accused who is under bond and who has voluntarily absented himself from the courtroom during the argument of the case before the jury, and the court’s conclusion has been that the absence of the accused at such a time is not fatal. State v. Ricks, 32 La.Ann. 1098; State v. Futrell, 159 La. 1093, 106 So. 651; Id., 161 La. 23, 108 So. 111; State v. Henderson, 168 La. 487, 122 So. 591; and State v. Layton, supra.”
In the cases of State v. Moore, 119 La. 564, 44 So. 299 and State v. Frazier, 165 La. 758, 116 So. 176, 179, it was pointed out that the constitutional right of an accused to be confronted with the witnesses against him is not so sacramental that it may not be waived as to matters of little or no importance. In the Frazier case the accused remained in the courtroom while the judge, jury, attorneys on both sides, and a witness then being examined went *543 outside of the courthouse at the request of the attorney for the defendant and examined bullet holes in an automobile about which the witness had testified. The court held that these were not sufficient grounds to set the verdict aside. While this case was reversed on another point of law, the holding in this respect was not disturbed or - repudiated.
Under the circumstances, we cannot see how any injury could result to the defendant by the view of the car because it had been fully described by the witnesses and photographs of it had already been presented to the jury. Moreover, the verdict should not be set aside because the defendant voluntarily absented himself from the view of the automobile by the jury, which was granted pursuant to his request.
The Pepper case is not apposite. In that case the jury was permitted to go to the scene of the alleged crime after the case had been submitted and the jury had retired to deliberate on their verdict. Counsel for the accused and counsel for the State agreed to the jury being taken to the scene. There was nothing to show that the accused consented or waived her presence or. anything in the minutes by which you could infer that she did so. This Court stated that the case could not be re-opened to receive evidence after the case had been submitted to the jury. We also stated that the i defendant must be present at a view of the scene. We are here presented only with a view by the jury of an automobile, that had been removed from the scene, where the defendant voluntarily absented himself after it had been granted at his request.
Counsel contends that the lower court erred in overruling the defendant’s motion for a new trial in face of clear evidence of procedural defects, prejudicial to his rights, that occurred in the course of the trial, which could not have been discovered with reasonable diligence before the verdict. The contention is based on alleged violations of an order for the sequestration of witnesses. It is alleged that the witnesses discussed the case after they had been placed under the rule and that one or two of the witnesses placed themselves in a position to hear the other witnesses testify. The affidavits and testimony portraying what transpired are very conflicting. Some of the witnesses testified that the rule was violated but others testify to the contrary. However, there is no evidence to show that the alleged violations resulted from any connivance with the prosecution or was done in pursuance of a pre-arranged plan. In fact, it does not appear that any of the witnesses changed their prior testimony before the grand jury or that any one requested them to testify otherwise.
It is provided in Article 371 of the Code of Criminal Procedure, LSA-RS 15:371, as follows: “The judge may, at any stage of the trial, order the sequestration of the *545 witnesses. As soon as such order shall have been given it shall be the duty of the sheriff to take charge of the witnesses and to remove them to a place where they shall not be able to see or hear any of the proceedings taking place in court. Nor shall there be, while they shall be sequestered, any communication between them and others or between them and any witness who shall have testified. Any disregard of these provisions by a witness shall disqualify him from testifying and shall subject him to punishment for contempt; provided, that the judge may in all cases, in his discretion, permit any witness to testify; provided, further, that the issuance of such order shall not deprive either party of the right of calling or examining as a witness one who shall not have obeyed the order of sequestration, when such party shall show that the witness remained in court or otherwise disobeyed the order without the knowledge and without the connivance of the party calling him.”
Article 508 of the Code of Criminal Pro-, cedure, LSA-RS 15:508, provides: “The motion for a new trial is based upon the supposition that injustice has been done the accused, and, unless such is shown to have been the case, the application shall be denied, no matter upon what allegations grounded.”
This article of the Code of Criminal Procedure was discussed in the case of State v. Vincent, 198 La. 1037, 5 So.2d 327, 328, where five witnesses who had violated an order of sequestration were permitted to testify after they had remained in the courtroom while two of them were testifying. The court stated: “The trial judge concluded that the disregard of the five witnesses to ‘the Court’s order obviously was not based upon any connivance with the prosecution, or done in pursuance of a pre-arranged plan.’ Under these circumstances we do not think that the trial judge abused the discretion given him under Article 371 of the Code of Criminal Procedure.”
We have arrived at the conclusion that the record does not disclose sufficient grounds to set aside the judgment.
For the reasons assigned, the verdict and sentence are affirmed.