The opinion of the court was delivered by
Blanchard, J.
Plaintiff appeals from a judgment mulcting him heavily in damages for the alleged wrongful attachment of defendant’s property. .
*1341 The facts are these:
Defendant was indebted to plaintiff in the sum of five hundred and seventy-two dollars and seventy-eight cents, for which he gave his promissory note. Failing to meet the note at its maturity, or thereafter to arrange for its payment, plaintiff placed the same in the hands of his attorneys for collection. The efforts of the attorneys to effect a settlement likewise failed, and they requested him to confess judgment on the claim.
This he refused to do, and he also declined to accept service of petition and waive citation. It appears, however, that at this very • time, and immediately prior thereto, he did confess judgment in favor of sis other creditors, who immediately took formal judgments on the same, the District Court being in session at the time.
It is true these were small claims, aggregating something less than one thousand dollars in all, and that in each case a stay of execution was stipulated for. It is equally true that plaintiff’s claim was not a large one, and that he asked in the way of a .confession of judgment only what defendant was extending to his other creditors.
The evidence establishes that at this time defendant was insolvent.
In December, 1890, be had begun mortgaging his property for money borrowed — something less than five thousand dollars principal.
In February, 1895, he borrowed more money and gave another mortgage — this time for_about sixteen thousand dollars.
In March, 1895, he executed a third mortgage — this time for six thousand dollars, in favor of his mother, who lived in an adjoining parish.
Besides these secured claims, he owed the Monroe National Bank about five thousand five hundred dollars. He also owed his wife a paraphernal claim of fifteen hundred dollars.
And he owed other debts, which, added to what was due plaintiff and to the amounts for which he had confessed judgment, showed an aggregate indebtedness of more than thirty thousand dollars, exclusive of interest. Yet on the stand, defendant claimed, at first, that fourteen thousand dollars would cover his liabilities, subsequently, on cross-examination, increasing it to eighteen thousand dollars.
The value of his property and assets, as disclosed by the record, were far less in amount than his indebtedness.
*1342 He fixes the value oí Jais plantation, with fixtures, teams, etc., at twenty-five thousand dollars, but we are inclined to believe he is as much in error in overvaluing the property as he was in error in understating the amount of his liabilities. There was something said in the testimony to the effect that his assessments did not exceed eight or ten thousand dollars, and while, in the country parishes, this is not a true criterion of value, this amount could be doubled and even tripled without reaching the aggregate of his indebtedness.
Not being able to obtain any satisfaction with regard to settlement of the note, and construing defendant’s action in confessing judgment in favor of certain creditors, and refusing it to them, as an unfair preference, plaintiff’s attorneys (their principal being domiciled in New Orleans) brought suit, accompanied by attachment, under which defendant’s plantation in Ouachita parish, with certain mules and other stock, was seized. The averments for attachment are those recited in the fourth and fifth clauses of C. P. 240, but the reliance of plaintiff to justify the attachment is that part of the fourth clause which declares that a debtor’s property may be attached “ when he has mortgaged * * * or is about to mortgage * * * his property * * * or some part thereof, with intent to * * * give an unfair preference to some of them.”
Defendant was left in charge of the plantation and other effects seized. Nothing was removed from the premises. 'No effort was made by defendant to bond the property seized.
A motion was filed on his behalf to dissolve the attachment on the ground of the falsity of the affidavit charging malice on part of plaintiff. He denied insolvency at the time of seizure and averred he enjoyed good credit in commercial circles, which the attachment destroyed. He alleged various items of damage, aggregating ten thousand dollars, for which he prayed judgment in reconvention against plaintiff, and for dissolution of the attachment, asking trial by jury. The case was tried by a jury; there was judgment in favor of plaintiff for amount of the note with interest; the attachment was dissolved, and defendant was awarded judgment on his reconven - tional demand for damages in the sum of twenty-five hundred dollars.
Plaintiff seeks relief from this judgment for damages, and asks that the judgment in his favor be affirmed, first amending th.e same by sustaining his attachment.
*1343 It is clear that our review of the case must be confined to the judgment for damages in favor of defendant on his reconventional demand. That is within our appellate jurisdiction.
The judgment in favor of plaintiff on the note not being for an amount within our appellate jurisdiction is not reviewable by us and must remain undisturbed. Baldwin & Co. vs. Mumford, 35 An. 350.
A careful examination of the facts and the law of this ease has brought us to the conclusion that the verdict of the jury awarding defendant twenty-five hundred dollars damages, and the judgment based thereon, can not be sustained. We acquit defendant of the charge of having assigned or disposed of, or intending to assign or dispose of, his property for the purpose of defrauding his creditors. We also acquit him of having converted, or being about to convert, his property into money, or evidences of debt with intent to place it beyond the reach of his creditors. But we find he did confess judgment in favor of certain of his creditors, enabling them (court being in session) to speedily take judgment on their claims, which judgments, when recorded, would become judicial mortgages, taking rank as encumbrances on his real property in the order of their recordation. We find that at the same time and immediately subsequent to the other confessions, he refused to put plaintiff on the same footing with the other creditors by confessing judgment in his favor. The effect of this was to give an unfair preference to the other creditors over the plaintiff. It was more than that. It laid the defendant open to the charge that he had mortgaged his property, or was about to mortgage same, with intent to give an unfair preference to some of his creditors. These are grounds for attachment by the very letter of the Code. It will not do for defendant to now say he did not intend to give an uafair preference. We can only ascertain the intention of another mind by inference, or by deduction from acts or words. 34 An. 912. Men must he considered as intending the reasonable consequences of their acts.
Nor will it do for him to say that giving the confessions of judgment was not a mortgaging of his property in the sense of the Oode.
It was the doing of something which made possible, and lead directly up to the inscription of judicial mortgages on his property in behalf of certain favored creditors, d9nied to others. It is impossible to escape the conclusion that this was a mortgaging of his property, and that it gave an unfair preference.
*1344 We are not to be understood as holding that the giving of a confession of judgment by a debtor is, in itself, grounds for attachment. On the contrary, there may be circumstances when it is not only en - tirely right and proper, but, perhaps, the duty of a debtor to confess judgment.
But we do hold that where an insolvent debtor, as in this case, confesses judgment in behalf of certain of his creditors, under circumstances which enable them to secure mortgages on his property and an unfair preference, and refuses the same to other creditors, when applied to for it, it is ground for attachment. Each case would, however, have to stand on the circumstances peculiar to it.
We differentiate the case of Wilson vs. Chalaron, 26 An. 641, relied on by defendant, from the instant case.
There the ground for attachment was that the defendant “ was mortgaging and disposing of his property with intent to defraud his creditors,” and it was shown that he had confessed two judgments, and made to his wife a giving in payment for a debt he owed her, and caused her legal mortgage to be recorded.
The court held that tnese grounds did not justify the attachment; that the law expressly allowed him to settle with his wife as he had done; that it was his duty to cause the registry of her mortgage to be made; and that it was the privilege, as well as the duty’of defendant to admit the correctness of the claims sued on, or confess judgment, if he believed them to be just demands against him.
It does not appear in that case, as in this, that other creditors, at the same term of court, had presented undisputed claims and requested confessions of judgment, thereby putting them on the same footing with the creditors thus favored, and had been refused the same. And in the instant case, unlike the other, it is distinctly averred, as ground for attachment, that defendant was mortgaging his property with intent to give an unfair preference.
No unfair preference was either alleged or shown in the former case, while in the present one it is both alleged and shown.
We also distinguish the case of Seeligson & Co. vs. Rigmaiden & Co., 37 An. 722, from the instant one. There the plaintiffs had asked defendants for a mortgage to secure their claim, accompanied with an engagement to buy only from them, and defendants refused to give it, burdened with this onerous condition. Subsequently, another creditor, with a claim for less than two hundred dollars, agreed to let *1345 them have goods not to exceed a given sum at one time, and the mortgage was given to secure this continuing credit.
Plaintiff attached because of the granting of this mortgage. It was properly held that, under the circumstances, they had no ground for attachment.
In the case at bar, defendant had already granted the confessions of judgment to certain creditors. Ascertaining this, plaintiff asked the same status, which, if it had been granted, would have enabled him at the same term of court to prove up his confession and take .judgment, recording it so as to take rank concurrently with the others as a judicial mortgage. The refusal of this evidenced an unfair preference; it was a declination to place plaintiff on a footing of equality with the other creditors, and this was justification for the attachment which followed. Lehman vs. McFarland, 35 An. 626; Stevens vs. Helpman, 29 An. 635; Chaffe et als. vs. Gills, 43 An. 1054.
It is, therefore, ordered and decreed that the verdict of the jury ■and the judgment based thereon, awarding defendant twenty-five hundred dollars on his reconventional demand, be annulled, avoided -and reversed, and that defendant’s demand in reconvention for damages be rejected at his costs in both courts.
Rehearing refused June 29, 1897.
Me. Justice Bbeaux : I concur in the decree, as in my opinion there was no ground for damages.