(129 So. 684)

## STATE v. JOHNSON.
### No. 30626.

June 2, 1930.

Rehearing Denied July 2, 1930.

Ped C. Kay, of De Ridder (Griffin T. Hawkins, of Lake Charles, of counsel), for appellant.

Percy Saint, Atty. Gen., Aubert L. Talbot, Dist. Atty., of Napoleonville, and E. R. Schowalter, Asst. Atty. Gen., for the State.

ST. PAUL, J.

The defendant was convicted and sentenced for breaking and entering a garage in the nighttime with intent to steal. Act. No. 72 of 1926.

He seeks a reversal on nine assignments of error filed in this court.

I.

Assignment No. 1 is abandoned. Assignment No. 9 complains of alleged errors in the written charge of the judge. We think objection to the charge should have been made before the jury retired, Code Cr. Proc. art. 391, to the end that the trial judge might correct his charge in time to be of service in the case. Assignment No. 6 complains that the jury was not polled on returning their verdict. Article 416, Code Cr. Proc., does not require that the jury be polled unless the prosecution or the defense request it.

II.

Assignments 2, 3, 4, 5, and 7 complain (a) that the minutes do not show affirmatively that the grand jury was regularly impanelled and returned the indictment in open court; (b) that the minutes do not affirmatively show that the accused was personally present when the case was called for trial and the jury selected; (c) that the minutes do not affirmatively show that the accused was personally present when the testimony was taken, the case argued, and the jury charged by the court; (d) that the minutes do not af-

firmatively show that the accused was personally present when the verdict of the jury was returned against him; and (e) that the minutes do not affirmatively show that the accused was personally present when sentence was imposed upon him.

The minutes ought to show all these things, but, if they do not, the remedy is not to set aside the verdict and sentence, but remand the case to correct the minutes contradictorily with the accused. State v. Oliver, 151 La. 659, 92 So. 217.

## III.

■ Assignment No. 8 complains that, in addition to a term of seven years in the penitentiary, the accused was fined $1 which the statute (Act No. 72 of 1926) does not authorize. The sentence was irregular, and must therefore be set aside and the case remanded for a proper sentence if the proceedings be otherwise regular.

### Decree.

It is therefore ordered that the sentence herein be set aside and the case remanded to the lower court (a) to establish contradictorily with the accused whether the grand jury was duly impaneled and returned the indictment in open court, and whether the accused was personally present at every stage as set forth in paragraph II herein above, and to correct the minutes accordingly; and (b) if it be found that the accused was personally present at each step of the proceedings and that the grand jury was duly impaneled and returned the indictment in open court, then that the accused be resentenced according to law; or (c) that the accused be granted a new trial if it be shown that the grand jury was not duly impaneled or did not return the indictment in open court, or that the accused was not personally present at each stage of the proceedings as set forth in paragraph II hereinabove.