159 So. 387

STATE v. LAYTON et al.

No. 33205.

Feb. 4, 1935.

George Wesley Smith, of Monroe, for applicant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., D. J. Anders, Dist. Atty., of Winnsboro, and Lessley P. Gardiner, Asst. Atty. Gen., for the State.

HIGGINS, Justice.

This case is before the court on writs of certiorari and prohibition granted by us to prevent the trial judge and district attorney from correcting alleged errors in the transcript by rule, after we had decided the case, and while it was pending here on rehearing.

The defendant Carley Layton was convicted of the crime of murder and sentenced on May 24, 1934, to be hanged. He appealed, and the transcript was filed here on July 1, 1934. When the case was argued before this court, his counsel, in oral argument and in his brief, pointed out that the transcript failed to disclose that the accused was present in court on four different days during important proceedings in the trial of the case in the lower court, and that therefore the verdict and sentence should be annulled and the case remanded for a new trial. The district attorney, after being fully apprised of the ground on which defendant's counsel sought the annullment of the verdict and sentence, did not ask this court to grant any order for the purpose of correcting the errors in the transcript, but was content to submit the case on the record as made up. On November 26, 1934, we set aside the verdict and sentence, and remanded the case to the lower court for a new trial, because the record failed to show affirmatively that the accused was present in court during the trial on the

four occasions in question. 180 La. 1029, 158 So. 375.

During the fourteen-day period within which litigants are entitled to ask for rehearing, the state of Louisiana, through the district attorney, on November 30, 1934, filed a rule against the defendant in the district court made returnable on December 4, 1934, by the trial judge, to show cause why the minutes of the district court should not be corrected so as to show affirmatively that the accused was present in court on the four occasions in controversy. On December 3, 1934, defendant applied to us for writs of certiorari and prohibition on the ground that the trial court had been divested of jurisdiction, as a result of the defendant having appealed to this court, where the case was still pending on rehearing. Defendant also sought the remedial writs on the ground that, after the case had been decided by us on the record as made up and filed in this court, the rule of the state to have the minutes corrected came too late. On December 3, 1934, we granted the remedial writs and made them returnable on January 2, 1935. On January 7, 1935, this court refused the rehearing sought by the state of Louisiana.

In considering the state's application for rehearing, we also had before us the petition for the remedial writs and the return of the trial judge, as well as the briefs of counsel representing the respective parties. We concluded that under the circumstances of the case the state was not entitled to have the minutes corrected in the manner and at the time it sought to do so. If we had reached the conclusion that the state was entitled to have the minutes corrected, we would have

granted a rehearing. The questions presented on the rehearing being identical with the questions raised in connection with these writs, and having disposed of them, adverse to the state's contentions, it is not necessary to again consider them at length.

Suffice it to say that the status of the case, therefore, is that the verdict of the jury and the sentence of the court have been set aside and the case remanded for a new trial.

For the reasons assigned, the rule is made absolute and the writs perpetuated.