O’NIELL, Chief Justice.
 

 The defendant is appealing from a conviction of murder and the sentence of death.
 

 There are six bills of exception in the record; but before considering them we have to dispose of a motion to remand the case for the purpose of correcting or completing the minutes of the court, if it be found that they are not correct or complete. The appellant complains, first, that the minutes do not show that the indictment was presented and filed in open court, second, that the minutes do not show that the defendant was present in court during the selecting of eight of the twelve jurors, and, third, that the minutes do not show that the defendant was present in court when the verdict was rendered. The district attorney filed an answer to the complaint, and in his answer avers that the minutes do show sufficiently that the indictment was presented and filed in open court, and that the minutes show that the defendant was present in open court when each and every juror was selected, and when the verdict was rendered; but the district attorney asks, alternatively, that if the court finds that the record does not sufficiently show these facts then that the case shall be remanded for a correction of the minutes, in a proceeding to which the defendant shall be a party. The district attorney’s answer is accompanied by an affidavit made by the clerk of the district court, in which the clerk swears that the indictment in this case was returned and filed in open court, and that the defendant was present in court at the times referred to in his complaint, and in fact was present in court at every stage of the proceedings, from and including the arraignment to and including the sentence and appeal.
 

 The minutes of the court do not show that the indictment, or true bill, was presented and filed in open court. The minutes show that the grand jury was called in special session on a certain day, and on that day came into court and reported the examining of two cases and the finding of two true bills. But the-minutes do not show what two cases were examined or in what cases the two true bills were found. The endorsement on the indictment itself shows that it was filed on the day on which the grand jury came into court and reported the finding of two true bills; but there
 
 *357
 
 is nothing to show that the filing of the indictment, or true bill, was done in open court. As far as the record shows the document might have been filed in the office of the clerk while court was not in session. When the record in a felony case, in this court, does not show affirmatively that the indictment or true bill was presented and filed in open court, according to the minutes of the trial court, the case must be remanded for a correction or completion of. the record. If the minutes themselves,, in the trial court, do not show affirmatively that the indictment or true bill was presented and filed in open court, the minutes must be corrected by evidence adduced in a proceeding had contradictorily with the defendant. State v. Oliver, 151 La. 659, 92 So. 217; State v. Johnson, 171 La. 95, 129 So. 684.
 

 The record filed in this court does not show positively, according to the minutes of the proceedings had in the trial court, that the defendant was present in court when eight of the jurors were impaneled; and the record does not show positively that the defendant was present in court when the verdict was rendered. It may be that the minutes of the proceedings had in the trial court were not transcribed correctly or completely in the transcript or record which was brought up to this court. The only way to determine that is to remand the case. If it is found then that the minutes themselves do not show affirmatively that the defendant was present in court on the occasions referred to, the minutes will have to be corrected or completed by evidence adduced in the proceeding to be had contradictorily with the defendant. State v. Futrell, 159 La. 1093, 106 So. 651; State v. Johnson, 171 La. 95, 129 So. 684.
 

 The record in this case appears to be incomplete, as far as the transcript of the minutes of the proceedings had in the district court is concerned, in that the minute entries are not, in any instance, identified with this particular case. In other words, there is no mention of the title or of the docket number of this case in any of the minute entries. It may be that the title and number of this case were recorded in the minute entries, and were omitted from the transcript that was brought up to this court. If that is true the transcript ought to be corrected or completed, so as to conform with the minute entries, in the proceedings to be had contradictorily with the defendant, when the case is remanded. Or, if the minutes themselves are incomplete in that respect, they ought to be corrected or completed, so as to identify each of the minute entries with this particular case. We express no opinion now as to what the effect will be if it be found that the minute entries -themselves do not identify the proceedings with this particular case. We refer particularly to the minutes of the proceedings had on November 12, 1938, when the defendant was arraigned and his case was fixed for trial; and the minutes of date December 5, when the case was again set for trial; and the minutes of date December 6, when the motion to quash the indictment was set for hearing; and the minutes of date December 10, when the motion to quash the indictment was taken up and heard and overruled, and the defendant was re-arraigned, and pleaded not guilty; and the minutes of
 
 *359
 
 date December 12, when the trial of the case was commenced; and the minutes of date December 13, when the trial was resumed and was completed by the' rendering of the verdict; and the minutes of date January 3, 1939, when the motion for a new trial was set for hearing; and the minutes of date January 6, when the motion for a new trial was reassigned for hearing; and the minutes of date February 6, when the motion for a new trial was heard and taken under advisement; and the minutes of date February 11, when the motion for a new trial was overruled, and the bills of exception were signed, and the defendant was sentenced, and was granted an appeal. In none of these minute entries is the title or -docket number of this case mentioned, as' far as the transcript shows.
 

 This case is ordered remanded to the district court for the purpose of having the transcript corrected or completed if it is found to be incorrect or incomplete, in so far as the minutes of the proceedings hid in the district court are concerned, and for the purpose of having the minutes themselves corrected or completed if it is found that they are incorrect or incomplete, in the particulars referred to in the opinion which we have rendered; the proceedings for that purpose are to be had contradictorily with the defendant; and the record is to be returned to this court within sixty days from the date when this decree or order to remand shall become final.