HIGGINS, Justice.
 

 The accused was charged in a bill of indictment containing two counts: First, with forgery of a check, and second, with uttering and publishing as true and genuine the alleged forged check. The district attorney elected to try him on the second count of the indictment. The jury found him guilty and after the judge had declined to grant a new trial, he sentenced the defendant to1 be incarcerated in the State Penitentiary at hard labor for a term of not less than two nor more than six years. He has appealed and relies for reversal of the verdict and sentence on four bills of exception taken during the course of the trial and four assignments of érror based upon alleged errors patent upon the face of the record.
 

 It is said that the minutes of the court do not affirmatively show that the indictment was found by the grand jury and returned or presented in open court or that the indictment was signed by the foreman of the grand jury in his official capacity. It is also stated that the minutes do not affirmatively show that the accused was personally present in court when the verdict of the jury was returned against him nor do they show that the defendant’s counsel was present at the time he was arraigned or that his presence was waived.
 

 In order to meet the objections contained in the assignment of errors, the district attorney has offered to be filed in this Court certified copies of the minutes of the trial court, covering the alleged deficiencies in the transcript and requested that they be filed and made a part of the record.
 

 We have examined the record, which fails to- disclose affirmatively that the foreman of the grand jury signed the indictment so as to show a true bill was found against the accused for the offense charged. It is necessary that the record affirmatively show that the grand jury returned a true bill and that it was signed by the foreman of the grand jury. State v. Pierre, 39 La.Ann. 915, 917, 3 So. 60; State v. Oliver, 151 La. 659, 92 So. 217.
 

 However, this deficiency in the transcript does not entitle the accused to have the verdict and the sentence set aside ánd annulled, but gives him the right to have the case remanded to the trial court for the purpose of having the record completed contradictorily between the state and himself in accordance with law. State v. Oliver, supra.
 

 It is unnecessary to say whether the transcript is lacking in the three other-alleged respects stated by counsel for the accused, for having concluded that sacramental information was absent from the record with reference to the signature of the foreman of the grand jury, the State
 
 *179
 
 will be granted an opportunity to supply all of the alleged deficiencies, if possible.
 

 For the reasons assigned, it is ordered that this case be remanded to1 the district court and that a copy of the transcript of the appeal be returned to the clerk of the said court for correction and completion of the record in all respects where it is incomplete or where there are any deficiencies and that the transcript be returned to1 this Court within sixty days from the date of this order.