On Rehearing.
 

 PONDER, Justice.
 

 The verdict and sentence herein was set aside and the defendant ordered discharged on error of law apparent on the face of the record in -that there was nothing in the record to show that the indictment was properly endorsed and signed by the foreman of the grand jury. The transcript filed on this appeal was certified to by the clerk of court as being complete. This transcript was filed on May 26, 1941, and on June 6 thereafter an assignment of errors was filed by counsel for the defendant wherein it was recited among other things “that the record in this case shows that the trial, the verdict of the jury and the sentence of the court were had upon an invalid indictment.” A copy of the assignment of error was mailed to the district attorney on June 4, or two days prior to its filing. Defendant’s counsel filed a brief in support of the appeal on October 1, 1941, which contained a certificate across its face signed by the printer to the effect that a copy had been mailed to opposing counsel on that date. In the syllabus of this brief it is stated: “Indictment not endorsed
 
 ‘A
 
 True Bill’ followed by the signature of the foreman, is not a valid bill of indictment. State v. Morrison, 30 La.Ann. 817; State v. Logan, 104 La. 254, 28 So. 912; State v. Boasberg, 124 La. 289, 50 So. 162; State v. Bay, 148 La. 559, 87 So. 294; Art. 3, Code of Criminal Procedure.”
 

 On page 103 of defendant’s brief the following argument and citation of authorities in support of the error assigned is set out as follows:
 

 “The last ground urged in the special assignment of errors is that the record in this case shows that the trial, the verdict of the jury and the sentence of the Court
 
 *270
 
 were had upon an invalid hill of indictment. This special assignment of error is urged because the bill of indictment does not show that it was endorsed by the foreman of the grand jury as a true bill.” (Tr. Vol. I, Page 27).
 

 “ ‘An indictment is a written accusation of crime found by a grand jury. The finding must be concurred in by at least nine of the grand jurors and the indictment indorsed a true bill, and that indorsement must be signed by the foreman of the grand jury.’ Article 3, Code of Criminal Procedure.
 

 “ ‘Indictment not endorsed “a true bill” followed by the signature of the fóreman is not a valid bill of indictment. State v. Morrison, 30 La.Ann. 817; State v. Logan, 104 La. 254, 28 So. 912; State v. Boasberg, 124 La. 289, 50 So. 162. * * * No indictment is valid which is not signed by the foreman in his official capacity. State v. Bay, 148 La. 559, 87 So. 294.’ [Code Crim. Proc. Art. 3, note]”
 

 On October '9, eight days thereafter, a brief on behalf of the state was filed. The case was orally argued on October 10 by counsel for the defendant and the district attorney. Nowhere in the brief of the district attorney or in his argument was our attention called to any insufficiency in the transcript. In fact there was not the slightest suggestion made that the transcript was incomplete. On November 3, 1941, our original opinion and decree was handed down in this case. At no time prior to that date was any application made to amend or supplement the transcript or even the slightest suggestion made to this Court that the transcript was deficient in any manner. On November 10, 1941, an application for rehearing was filed on behalf of the State. Attached to the application are two documents, one purporting to be a certified copy of the original indictment showing the endorsement of a true bill thereon signed by the" foreman of the grand jury and the other a certificate of the clerk of court to the effect that the attached copy of the bill of indictment is a true and correct copy and that the copy of the bill of indictment, as shown in the transcript of the record filed herein, is incorrect and incomplete in that it does not show that it was endorsed a true bill and signed by the foreman of the grand jury. The State in its application asked the court to consider the attached copy of the original indictment as part of the application' for rehearing, or for certiorari ordering the original record to be sent up, or that the case be remanded to the lower court for a correction and completion of the record. On November 15 counsel for the defendant filed an opposition to the application for rehearing and moved to strike from the record the ex parte documents attached to the application for rehearing. In both the application for rehearing and the opposition thereto authorities were cited in support of the contentions urged therein. A rehearing was granted and the matter is now submitted for our determination.
 

 Counsel for the defendant strenuously contends that after a case has been decided by the Supreme Court the State cannot suggest incompleteness of the record and apply for certiorari. Counsel relies particularly on State v. Pierre, 49 La.Ann. 1159, 22 So. 373.
 

 
 *271
 
 Counsel for the State takes the position that the case must be remanded for a correction or completion of the record. In support of this contention counsel cites State v. Morgan, 147 La. 205, 84 So. 589; State v. Oliver, 151 La. 659, 92 So. 217; State v. Futrell, 159 La. 1093, 106 So. 651; State v. Johnson, 171 La. 95, 129 So. 684; State v. Obey, 193 La. 176, 190 So. 371; State v. Peyton, 193 La. 354, 190 So. 579. The authorities cited by counsel for the State are not applicable for the reason that the incompleteness of the record was called to the attention of this Court prior to a decision of the cases.
 

 In the case of State v. Pierre, supra, a Tehearing was refused on the application of the State wherein it was suggested for the first time that the record was incomplete. It is stated therein, viz. [49 La.Ann., 1159, 22 So. 374]:
 

 “Before this cause was submitted to the court for its decision, the state failed to make any objection to the sufficiency of the transcript as sent up from the court below. JSTo motion was filed suggesting a diminution or incompleteness of the record, and invoking the writ of certiorari for correction of the same. The only motion filed by the state was one to dismiss the appeal on the ground that the record presented no motion to quash, or for new trial, or in arrest •of judgment, and no bills of exception to rulings of the court a qua. The state thus acquiesced in the transcript sent up as showing the whole case as presented and tried below. Trial was had here on this •transcript, and on the additional papers and Briefs filed in the case in this court. The motion to dismiss the appeal was found to be without merit, and, on the face of the record and the papers before us, it was clear that the prescription of one year, brought to our attention in defendant’s assignment of errors, must prevail. Accordingly, a decree was entered reversing the verdict and sentence, and discharging the accused.
 

 “The state, in an application for rehearing, suggests for the first time the incompleteness of the record upon.which the case was tried here, advances this as grounds for rehearing, and asks that a writ of certiorari issue, commanding the court below to send up a full and complete record of all proceedings had in the case there. The allegation is made that the true record would show the accused was informed against seasonably, and that the plea of prescription is therefore untenable. It is claimed that this is shown by a former bill of information, filed within the year of the commission of the offense, which, while still pending, was substituted by the information upon which accused was tried, after which substitution there was entered a nol. pros, as to the original. As a matter of sound practice, to which the state must be held as rigidly as parties accused are, we are constrained to hold that, after a decision by this court on a case as presented, the prosecution cannot be heard to set up as grounds for rehearing the incompleteness of the record. Rehearing refused.”
 

 In Marr’s Criminal Jurisprudence, Vol. 2, Sec. 776, page 1212, it is stated to the effect that after a case has been decided
 
 *272
 
 by the Supreme Court that the State cannot suggest incompleteness of the records and apply for certiorari. In this section of Marr’s based on the jurisprudence of this State touching the question of when a transcript may or may not be corrected, we find the following pronouncement: “Errors in the transcript may be corrected by certiorari at any time before argument, and, in important cases, even after submission. Though certiorari to supply deficiencies of record ordinarily comes too late after submission, yet, when defendant’s assignment of error, grounded on these defects, is itself filed only after submission, his laches excuse those of the State, and the application will be allowed. During the pendency of a motion to dismiss, missing documents and a supplemental transcript may be brought up. After the case has been decided by the Supreme Court, the State can not suggest incompleteness of the record and apply for certiorari.”
 

 In the case of State v. Layton, 181 La. 274, 159 So. 387, this Court granted writs of certiorari and prohibition to prevent the trial judge and district attorney from correcting alleged errors in the minutes of the court by way of rule after we had decided the case and while it was pending here on rehearing. The defendant in that case was convicted of murder and appealed to this Court. On the hearing of the appeal counsel for the defendant in oral argument and in his brief pointed out that the transcript failed to disclose that the accused Was present in court on four different days during the proceedings of the trial in the lower court and that therefore the verdict and sentence should be annulled and the case remanded for a new trial. No effort was made by the district attorney, after being fully appraised of this fact, and no request was made to this Court to grant any order for the purpose of correcting the minutes prior to our decision of the case. After this Court had set aside the verdict and ordered the case remanded for a new trial on the ground that the record failed to affirmatively show the presence of the accused on these occasions the district attorney sought by rule, during the fourteen day period within which litigants are entitled to ask for rehearing, to correct the minutes in the lower court. During the meantime application was made to this Court for rehearing. The defendant applied to this Court for writs of certiorari and prohibition to prevent the trial judge and district attorney from correcting the alleged errors in the minutes by way of rule. At the time we were considering the application for rehearing we also had before us the petition for remedial writs, the return of the trial judge and the briefs of counsel representing the respective parties. At that time we concluded that under the circumstances of the case the State was not entitled to have the minutes corrected in the manner and at the time it sought to do so. We stated therein that if we had reached the conclusion that the State was entitled to have the minutes corrected we would have granted a rehearing as the questions raised were identical with those raised in connection with the writs, and having disposed of them adverse to the State’s contention, it is not necessary to again consider them at length.
 

 
 *273
 
 In the instant case the district attorney, after having been fully apprised that the error assigned was based on the ground that the indictment was not endorsed a true bill and signed by the foreman of the grand jury, submitted the case on the record as made up and permitted it to go to decision without calling our attention to the error in the transcript or even suggesting in any manner that the transcript was incomplete. The State thus acquiesced in the transcript sent up as showing the whole case as presented and tried below. There could be no sound reason why the State should not be held as rigidly as parties accused.
 

 Our original decree is reinstated and affirmed.
 

 ROGERS and HIGGINS, JJ., disent.