HAMITER, Justice.
 

 .The defendant, Albert Pope, appealed from his conviction of the crime of aggravated battery (a felony), as well as from a sentence of five years and six months at hard labor in the state penitentiary, and submits for our consideration numerous bills of exceptions.
 

 On the hearing of the appeal defense counsel complained, under several of the bills, that the accused was ordered to trial without a valid arraignment. They urged, in this connection, that the minutes of the trial court do not affirmatively show that the defendant was present when his then attorney waived the reading of the indictment .and pleaded not guilty, all as is required by the following provisions of the Louisiana Code of Criminal Procedure:
 

 Article 257. “If the charge be a felony, defendant can plead only in person; if a misdemeanor, he may plead through counsel.”
 

 Article 258. “Though the charge against the defendant be a felony, he may, if present in ¡person, waive in person or through counsel, the reading of the indictment and then and there plead.”
 

 And in a subsequently filed brief defense counsel insist that the omission from the minutes of an affirmative showing of presence constitutes reversible error under our decision in State v. Coston, 113 La. 717, 37 So. 619.
 

 The jurisprudence of this state is to the effect that one tried for a felony must be personally present in court at every important stage of the trial from the moment of his arraignment to his sentence; otherwise a verdict against him and the sentence will be set aside. Further, the minutes of the court must affirmatively disclose that he was present. State v. Thom
 
 *1029
 
 as, 128 La. 813, 55 So. 415; State v. White, 156 La. 770, 101 So. 136; State v. Futrell, 159 La. 1093, 106 So. 651; State v. Layton et al., 180 La. 1029, 158 So. 375.
 

 The minutes of May 3, 1948, respecting the arraignment of this defendant, recite: “This day the accused was arraigned, and through his attorney, waived the reading of the indictment, and plead not guilty, the case was then assigned for trial Tuesday, June 8, 1948. The defendant was then served with a copy of the Jury Venire and the counsel for the defendant was given until Friday morning to file any motion.”
 

 While the entry furnishes the impression that the accused was present when arraigned, it does not affirmatively show that fact, as is necessary. And in view of this deficiency the Coston case, cited and relied on by defense counsel, seemingly is authority for setting aside the verdict and sentence, although the holding therein was based also on other ascertained errors. See too State v. Layton et al., supra.
 

 There are other decisions, however, announcing a different course to be followed, they being to the effect that where it appears that very probably the accused was actually present, but the minutes fail to definitely so declare, this court of its own motion, before considering the merits of any of the bills of exceptions and without setting aside the verdict and sentence, will remand the case to the district court. On the remand an opportunity is afforded the state to prove, contradictorily with the defendant, that he was present, and, if such is shown, to have the minutes corrected accordingly.
 

 Of the two courses unquestionably the latter is the sounder. If an accused was actually present he in no manner has been prejudiced by a mere failure of the person preparing the minutes to record that fact. Moreover, the same procedure has been followed in correcting the minutes generally so as to disclose the true facts respecting all important steps in the prosecution of an accused. State v. Oliver, 151 La. 659, 92 So. 217; State v. Obey, 193 La. 176, 190 So. 371; State v. Peyton, 193 La. 354, 190 So. 579.
 

 For the reasons assigned, and without disturbing the verdict and sentence, it is ordered that this case be remanded to the district court for the purpose of enabling the state to show contradictorily with the defendant whether or not he was present when arraigned on May 3, 1948, and if he was present to have the minutes corrected so as to affirmatively disclose that iact. The transcript is to be returned to this court within 60 days from the date of this order.
 

 O’NIELL, C. J., takes no part.
 

 PONDER, J., recused.