1030, 55 So.2d 234; State v. Jones, 220 La. 381, 56 So.2d 724.

In view of the above conclusion, a consideration of the other Bill of Exception is unnecessary.

For the reasons assigned, the conviction and sentence are annulled and set aside, and the defendant is ordered released.

PONDER, J., absent.

**76 So.2d 6**

**STATE of Louisiana**

**v.**

**John CARTER.**

**No. 41840.**

Nov. 8, 1954.

———◆———

Ped C. Kay, De Ridder, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Jack L. Simms, Sp. Dist. Atty., Leesville, for appellee.

LE BLANC, Justice.

The defendant appeals from a verdict and sentence in the lower Court by which he was found guilty of manslaughter and ordered to serve three years at hard labor in the State penitentiary.

He presents four bills of exception which were reserved at the trial of the case. He also assigns six errors which he calls errors of law and procedure that are patent upon the face of the record.

Counsel for the accused submitted his side of the case on briefs. The State appeared through special counsel who had been appointed to prosecute the case in the lower court. During his presentation counsel's attention was called to the fact that the brief of the State made no reference to these alleged prejudicial errors. He then asked permission to file a supplemental brief on the matter, which was granted.

As pointed out in the supplemental brief as well as in brief for defendant, the errors which are assigned as being prejudicial are as follows:

Failure of the Minutes of Court or of the record to affirmatively show:

(1) That the Grand Jury was empannelled and returned the indictment in open Court.

(2) That the defendant was present when the case was called for trial on February 8 and 9, 1954, or that he was present when the jury was selected.

(3) That the defendant was present when all the jurors were sworn and at the time taking of the testimony was begun or during the argument of counsel and delivery of charge by the Court.

(4) That the defendant was present when the verdict of guilty was rendered against him.

(5) That the defendant was present when sentence was pronounced.

(6) That the defendant was served with copy of indictment and list of jurors two days before trial.

In the supplemental brief submitted by the State it is stated that no objection was urged to these alleged errors, nor to the Minutes of the Court, nor was any bill of exception reserved. That is of no moment however since all the matters alleged constitute errors that are patent on the face of the record which can be considered

and determined by the appellate court although not submitted to and passed on by the trial judge. LSA–R.S. 15:503 and 15:558.

■ The Minutes of the Court regarding the matters complained of are rather vague and indefinite. An inference may be drawn from some of the entries that the accused was present at some stage of the trial when it is urged that he was not, but clearly there seems to be an omission with respect to his presence during the entire trial. He was charged with and was being prosecuted for murder and it was necessary for the minutes or the record to show that he was present at all important stages of the proceedings. State v. Davenport, 33 La.Ann. 231; State v. Pope, 214 La. 1026, 39 So.2d 719.

■ Counsel for the State seem to concede that the Minutes of Court are deficient in regard to some of the matters complained of for they urge that in his motion for a new trial appellant did not call the district judge's attention "to these merely clerical errors" so that the minutes could be properly corrected and a true record made and presented to this Court. Indeed, they ask that the case be remanded to the district court to the end that evidence be taken contradictorily with the appellant to correct or affirm the minutes taken by the Clerk of Court and file in this Court a correct record showing affirmatively all the actual facts regarding these matters. We find that under the present jurisprudence, that is the proper procedure to take. In the case of State v. Pope, supra, it was urged that under circumstances such as these the verdict and sentence should be set aside, reliance being placed on State v. Layton, 180 La. 1029, 158 So. 375. The Court, nevertheless, refused to take that action stating [214 La. 1026, 39 So.2d 720]:

"There are other decisions, however, announcing a different course to be followed, they being to the effect that where it appears that very probably the accused was actually present, but the minutes fail to definitely so declare, this court of its own motion, before considering the merits of any of the bills of exceptions and without setting aside the verdict and sentence, will remand the case to the district court. On the remand an opportunity is afforded the state to prove, contradictorily with the defendant, that he was present, and, if such is shown, to have the minutes corrected accordingly." See also State v. Peyton, 193 La. 354; 190 So. 579.

For the reasons assigned, and without disturbing the verdict and sentence, it is ordered that this case be remanded to the district court for the purpose of enabling the State to show, contradictorily with the defendant, whether he was actually present or not at the various stages of the proceedings, when it is alleged as error, that he was not present, or to show the true facts regarding any of said alleged errors; and for the purpose of having the Minutes

themselves corrected or completed if it is found that they are incorrect or incomplete in any of the particulars complained of. The transcript shall be returned to this Court within sixty days from the date on which this order becomes final.

PONDER, J., absent.