ARMSTRONG, Judge.
Defendant, John B. Veller, was charged by bill of information with focible rape, a violation of La.R.S. 14:42.1. Following a bench trial defendant was found guilty as charged. He was sentenced to serve nine years and eleven months at hard labor and ordered to pay $80.00 in court costs. On appeal defendant raises no specific assignment of error but requests a review of the trial court record for any errors patent.
An examination of the record revealed two errors patent. First, the minute entry of the day the trial court rendered its judgment of guilt did not indicate that the defendant was present. Under La.C.Cr.P. art. 831 a defendant must be present when judgment is rendered unless, as provided under La.C.Cr.P. art. 832, he voluntarily absents himself. Minute entries must affirmatively show that a defendant was present at all stages of a criminal proceeding listed in La.C.Cr.P. art. 831. State v. Pope, 214 La. 1026, 39 So.2d 719 (1949); State v. Hancock, 502 So.2d 1098 (La.App. 4th Cir.1987). In State v. Jerome Jackson, unpublished, (KA-9110, La.App. 4th Cir., June 1, 1988), a case in which the minute entry did not reflect that the defendant was present during voir dire, this court ordered the trial court to issue a per cu-riam opinion stating whether the defendant had been present. In the case at bar we similarly ordered the trial court to issue a per curiam which it has done. The trial court per curiam affirmatively shows that the defendant, John B. Yeller, was present in court with his attorney on February 25, 1988 when the court found him guilty of forcible rape. That per curiam is now a part of the record in this case, correcting the error patent.
The record also revealed that the trial court erred by failing to order that at least two years of defendant’s sentence be served without benefit of parole, probation, or suspension of sentence as required by La.R.S. 14:42.1. However, under State v. Fraser, 484 So.2d 122 (La.1986), this error patent favorable to defendant cannot be corrected on appeal where neither the defense nor the State seeks a review of the sentence.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.