636 So.2d 976 (1994)
STATE of Louisiana
v.
Brian GLOVER.
No. 93-KA-959.
Court of Appeal of Louisiana, Fifth Circuit.
March 29, 1994.
*977 Dorothy A. Pendergast, John J. Molaison, Jr., Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Board, Gretna, for defendant/appellant.
Before GAUDIN, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
The defendant, Brian Glover, was charged on February 5, 1992 by bill of information with distribution of cocaine within 1000 feet of a school in violation of LSA R.S. 40:981.3, 40:967(A). He was arraigned on March 5, 1992 and pled not guilty. On May 21, 1993, at the conclusion of a four day trial, the jury returned a verdict of guilty as charged. Defense motions for post verdict judgment of acquittal and new trial were denied on September 8, 1993, and the trial court sentenced the defendant to twenty years at hard labor of which the first fifteen is to be served without benefit of parole, probation or suspension of sentence. The defendant was given credit for time served. The minutes and hard labor sentencing form also indicate that on July 29, 1993 the defendant was convicted of two counts of contempt of court and sentenced to serve six months in the Jefferson Parish Correctional Center on each count. The contempt sentences were made to run consecutively with each other and also with the sentence imposed for the distribution of cocaine within 1000 feet of a school. Defendant brings this appeal.

FACTS
On the afternoon of November 6, 1991, Officer Venison was working as an undercover narcotics agent in the area of 31st Street in Kenner, Louisiana, an area characterized as a high crime area. The apartment complex located at 1013 31st Street is adjacent to the G.T. Woods Elementary School. For safety purposes Officer Venison was equipped with an audio transmitter which was monitored by Officers Synigal and Hebert who were patrolling nearby in an "undercover vehicle." Officer Venison testified that, as he approached the apartment complex several black males waved him down. Officer Venison explained that he had made several drug buys in this area before as part of his undercover work and was recognized by the men as a potential buyer. As Officer Venison turned onto Augusta Street which borders the complex and got out of his vehicle, three or four black males approached and asked if he wanted to make a drug buy. The officer replied that he wanted to buy $100.00 worth of "rocks." None of the men had that quantity of drugs to sell. At this point the defendant drove up in a black Oldsmobile Delta 88. One of the men informed the defendant of Officer Venison's request. The defendant exited his car, approached Officer Venison, and handed him a matchbox containing five "rocks" of cocaine. Officer Venison handed the defendant a one-hundred dollar bill in return. The defendant then gave the officer $20.00 change because the "rocks" were small. Both the defendant and the officer left the scene and the defendant was subsequently arrested.
On appeal the defendant assigns three errors. In the first assignment he asserts that *978 the trial court erred in conducting portions on the voir dire outside the presence of the defendant. The defendant argues that the minutes show the defendant was present for the first day of jury selection but fail to show his presence on the second day.
LSA-C.Cr.P. art. 831 requires that a defendant charged with a felony be present at the calling, examination, challenging, impanelling, and swearing of the jury, and at any subsequent proceeding for the discharge of the jury or a juror. The minutes must affirmatively show that the defendant was so present. State v. Pope, 214 La. 1026, 39 So.2d 719 (La.1949). A close examination of the minutes confirms that there is no specific statement that the defendant was present on the second day. However, the minutes do state that he was remanded to Parish Prison at the end of the proceedings on that day, a fact which strongly indicates that he was, in fact, present. Further, in the transcript of the day in question the defense counsel stated that the defendant was seated at the counsel table with him. We find this affirmatively shows that the defendant was present throughout the jury selection process.
Defendant argues that since he was not included in certain bench conferences during the jury selection process his conviction must be reversed. A defendant need not be present when the trial judge excuses prospective jurors before his case is called for trial. State v. Brown, 414 So.2d 726 (La.1982). A juror is not "called" or "examined" within the meaning of this article until he is called for examination in the trial of that particular defendant. State v. Meriwether, 412 So.2d 558 (La.1982).
Defendant's assignment of error in this regard concerns certain prospective jurors who were excused. Eight of the nine prospective jurors who approached the bench had not been called for examination and thus there was no requirement for the defendant to be present. The remaining juror, Ms. Thomas, had been called and was examined at a bench conference from which the defendant was excluded; however, the defendant was present in the courtroom during the bench conference. We know of no provision that the defendant be present at a bench conference in order to satisfy the requirement of article 831. Moreover, defense counsel was present at the bench conference and made no contemporaneous objection, and the juror was later peremptorily challenged by the defense counsel. This assignment is without merit.
In his second assignment of error, the defendant argues that the trial court erred in permitting the state to present evidence which constituted improper rebuttal. After the state rested its case the defense offered testimony from the defendant and Herbert Allen to establish an alibi. Allen testified that the defendant worked with him in his carpet business every day in November of 1991, including Thanksgiving, "Because that's the busiest time of the year." However, on cross-examination Mr. Allen stated that he paid the defendant in cash and kept no records of the days or times worked by his employees.
The defendant testified that he worked with Mr. Allen every day in November of 1991 from 10:00 a.m. until 6:00 p.m. He also stated that he knew Officers Synigal and Hebert and played basketball with them as often as three times a week. The defendant testified that the officers seemed intent on forcing him to become an informant. After he turned down their offer to inform on drug dealers in the neighborhood, this narcotics charged "popped" on him.
On cross-examination the defendant denied selling drugs to police officers on November 6, 1991 and continued to assert that he was working with Mr. Allen on that day and every other day of November. He further stated that, although his mother owns a car fitting the description given by police, he has never driven the car. When asked about an incident on March 4, 1992 which occurred when the car was being seized, the defendant denied telling officers, "You're not taking my f_____ car." He stated that on that day he was working at the Travel Lodge.
On rebuttal the state called Officers Coupel, Synigal, Hebert, Venison and McGee. Officer Coupel testified that on March 4, 1992 at approximately 2:40 p.m. he proceeded to 1013 31st Street in Kenner, Louisiana to *979 execute a seizure order on the defendant's vehicle, an Oldsmobile, and at the time of the seizure the defendant was present and said very loudly, "You're not taking my f_____ car." Officer Synigal confirmed that the defendant was there when the vehicle was seized.
Officers Synigal and Hebert denied playing basketball with the defendant and further denied offering him a position as an informant.
During the trial the defense objected to the admission of evidence by the state on rebuttal that the defendant was incarcerated on another charge during the period of November 15, 1991 to November 30, 1991. The court agreed that such evidence was inadmissible as it related to other crimes committed by the defendant. Following the grant of a state writ taken to this court on that issue, the parties entered into a joint stipulation that it was physically impossible for the defendant to have worked the entire month of November as he and Mr. Allen contended.
On appeal the defendant asserts that the rebuttal tactics of the state constitute a bad faith effort to violate the rules concerning the normal order of trial.
The state has the right to rebutt evidence adduced by the defendant. LSA-R.S. 15:282. Since the state does not and cannot know what evidence the defendant will use until it is presented at trial, the state is given the right of rebuttal. State v. Williams, 445 So.2d 1171 (La.1984). Proper rebuttal evidence is offered to explain, repel, counteract or disprove facts given in evidence by an adverse party. State v. Deboue, 552 So.2d 355 (La.1989), cert. denied, 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 174 (1990). Such evidence may be used to strengthen the state's original case, State v. Huizar, 414 So.2d 741 (La.1982). The state is allowed to present rebuttal evidence for the reason that it is required to present its case first, and cannot anticipate the exact nature of the defense. However, it is well settled that the state may not reserve part of its case-in-chief for rebuttal testimony after the defense has rested. State v. Turner, 337 So.2d 455 (La. 1976). The determination of whether evidence is proper rebuttal evidence and hence, admissible, is an issue which is addressed to the sound discretion of the trial court judge, State v. Huizar, supra.
We believe in this case the evidence presented was proper rebuttal. The evidence was presented to contradict the defendant's alibi, his assertion that he was offered a position as an informant, his denial that he sold cocaine, and his disavowal regarding the possession of the Oldsmobile. Because the state's rebuttal evidence was presented to directly contradict the defendant's evidence, it was presented to disprove the defendant's evidence, not to prove the state's case. Thus, it was proper for the trial court to permit the rebuttal evidence. State v. Hatter, 338 So.2d 100 (La.1976). This assignment is without merit.
In his final assignment of error the defendant requests a review of the record for errors patent on the face of the record. Upon such review we note that the trial court was without authority to find the defendant in direct contempt of court on two counts because the incidents occurred outside the presence of the judge.
The record reveals that a pre-sentence report returnable on July 7, 1993, was ordered on May 21, 1993 after the defendant's conviction. The record contains a minute entry dated July 30, 1993 which states that the defendant was found in contempt of court and sentenced to serve six months in the Jefferson Parish Correctional Center. There is no indication that a hearing was held regarding that finding. It appears that the contempt finding was made as a result of threats made by the defendant against two police officers. Apparently, the trial judge became aware of the threats after she reviewed the pre-sentence investigation report which contained the information.
An act of contempt of court which is committed outside of the immediate view and presence of the court is constructive contempt. C.Cr.P. arts 21 and 23. Constructive contempt is punishable only after a trial on a rule to show cause. C.Cr.P. art. 24. The record in this matter does not contain such a rule. For that reason we vacate the convictions *980 and sentences on the two contempt charges. However, it does not preclude the State from proceeding in accordance with C.Cr.P. arts 21 and 23. We affirm the conviction and sentence for violation of LSA-R.S. 40:981.3(967), distribution of cocaine within 1000 feet of a school.
AFFIRMED IN PART AND VACATED IN PART.