_LlDUFRESNE, Judge.
The defendant, Louis Davenport, pled guilty as charged to possession of cocaine pursuant to a plea agreement after the trial judge denied his motion to suppress the evidence, reserving his right to appeal *1271 the trial judge’s ruling in accordance with State v. Crosby, 338 So.2d 584 (La.1976). After accepting the defendant’s guilty plea, the trial court sentenced the defendant to serve two years of imprisonment at hard labor and recommended that the defendant become enrolled in the Blue Waters drug treatment program while incarcerated.
While the appellate record reflects that the State and the defense stipulated to submit the suppression motion on a document, rather than testimony, the record does not clearly indicate which document was provided to and reviewed by the trial judge. Further, the State and the defendant disagree over which document the trial judge reviewed in denying the suppression motion. For the following reasons, we pretermit discussion of the defendant’s assignment of error and remand the matter for an evidentiary hearing in the district court.
12At the beginning of the October 7,1999 motion proceeding, defense counsel informed the trial court that the defense wished to submit the motion to suppress “based on the police report which Your Honor has reviewed.... ” When the trial court inquired whether the State would agree to submit the matter on the “police report,” the prosecutor replied affirmatively. The trial judge then denied the motion with the following reasons:
All right. I have reviewed the police report, Mr. Davenport, and I find that the conduct was of a suspicious nature in which the police had reasonable cause to stop you for investigation. And I understand that as a result of the identification they determined that you were wanted on an attachment and made an arrest and as a result of the arrest they found a[sic] contraband on your person. Accordingly, the motion to suppress is denied.
Neither the transcript, nor anything in the appellate record, reflects that the document upon which the trial judge based his ruling was entered into the record. A document entitled “Arrest Report and Probable Cause Affidavit” is included in the appellate record, but there is nothing in the record to establish that the arrest report, rather than the police report, was the document reviewed by the trial judge.
After the appellant’s brief was filed in this Court, the State, on January 26, 2000, filed in this Court a “Motion to Remand for Supplementation of the Record and to Suspend Briefing Dates.” In that motion, the State claimed that the motion to suppress had been submitted on the police report, but that the police report was not entered into the record. The State requested this Court to remand the matter so that the record could be supplemented with the police report and requested this Court to suspend briefing dates. The State’s motion was granted the next day.
On February 22, 2000, the defendant’s appellate counsel filed a motion opposing supplementation. Appellate counsel stated that, based on her review of lathe record, she had concluded that the arrest report, which was contained in the appellate record, was the document the trial court had reviewed. On March 15, 2000, the State filed its appellee brief and asserted that, in light of the defendant’s opposition to supplementation, the State has not yet supplemented the record with the police report.
In order to address the defendant’s argument that the trial judge improperly denied the motion to suppress, this Court must review the same document upon which the trial judge based his ruling. Without that document, it is impossible for us to evaluate the correctness of the trial judge’s ruling. Accordingly, we find it necessary to remand for an evidentiary hearing in the trial court. The Louisiana Supreme Court employed a similar procedure in State v. Carter, 226 La. 281, 76 So.2d 6 (La.1954), appeal after remand, 227 La. 820, 80 So.2d 420 (La.1955), to determine whether the record accurately reflected the proceedings in the trial court *1272 with regard to certain errors alleged by the defendant on appeal.
In accordance with the views expressed herein, the trial court is directed to conduct the evidentiary hearing within 60 days of the date of this Court’s opinion. Further, considering the defendant’s opposition to the State’s motion to supplement the record with the police report, we hereby vacate our order of January 27, 2000, which had granted the State’s motion to supplement. Once the evidentiary hearing is completed, the clerk for the trial court shall re-lodge the appellate record.
For these reasons, and without disturbing the defendant’s conviction or sentence, we remand this case for an evidentiary hearing in the district court to afford the parties and the trial court an opportunity to resolve this issue.

REMANDED WITH INSTRUCTIONS.